# A. B. ROBERTS

## v.

# N. M. CARTER.

*Negotiable Instruments—Notes—Exchange after Maturity—Waiver of
Interest—Technical Consideration—Evidence—Instructions.*

1.    Where the parties to a contract voluntarily enter into a new agree-
ment, varying its terms, whereby new liabilities are involved and assumed,
such act gives rise to a new consideration, the adequacy of which is a ques-
tion for the parties alone and not for the court.

2.    In an action brought for the recovery, among other things, of interest
on an overdue promissory note, which was delivered to the maker after
maturity in exchange for new notes made by him, there being a contention
as to the terms upon which said exchange was made, this court holds as
erroneous the refusal of the trial court to instruct the jury in behalf of
defendant, that an agreement upon the part of the payee of such overdue
note to waive all interest on the receipt of new notes, would be based upon
a good and sufficient consideration.

3.    An instruction not based upon the evidence is bad.

[Opinion filed February 21, 1889.]

APPEAL from the Circuit Court of Logan County; the Hon.
CYRUS EPLER, Judge, presiding.

Messrs. BLINN & HOBLIT, for appellant.

It has been held that a promise to satisfy and release an
overdue promissory note for a given sum, upon the payment
in money of a less sum, is not binding for want of a consider-
ation; yet it is well settled that a delivery by the debtor to the
creditor of any article of personal property, or any other legal
right or advantage which he did not before have, or binding

himself to do or perform some injurious act or thing which he was before not bound to do, upon the promise of the creditor that it shall be received in settlement and satisfaction of the note, will effectually discharge and satisfy the note, although the thing received or promised to be done may be of much less value than the amount due on the note. Vol. 1, Part 1, Smith's Leading Cases, 8th American edition—pages 639, 640, 646, 649, 658; Curlewis v. Clark, 3 Exch. 375, and 16 Q. B. 1039; Bank v. Huston, 11 W. N. C. 380; Savage v. Everman, 70 Pa. St. 315; Harper v. Graham, 20 Ohio, 106; 3 American and English Encyclopædia of Law, 834.

Even in courts where it has been held that the payment of a less sum than is due, upon an agreement to release and satisfy the debt, will not satisfy the debt and amount to an accord and satisfaction, still it is said that this doctrine is wrong in principle and unjust, and the courts have therefore departed from it on slight distinctions. Kellogg v. Richards, 14 Wend. 116; Brooks v. White, 2 Met. 285; Reynolds v. Pinhowe, Cro. Eliz. 429; Sibner v. Tripp, 15 M. & W. 22; Pinnell's Case, 5 Coke, 117; Boyd v. Hitchcock, 20 Johns. 76.

The acceptance by the creditor of the negotiable security of the debtor himself, has been held in law a satisfaction of a debt of greater amount. Sibner v. Tripp, 15 Meeson and Welsby, 37; Harper v. Graham, 20 Ohio, 106; 3 American and English Encyclopædia of Law, 834.

Where the creditor has taken a promissory note for a pre-existing debt or note, and seeks to recover on the original claim or note, and the note last taken is under his control, he will be defeated in his suit unless he produces and cancels such note at the trial. Vol. 1, Part 1, Smith's Leading Cases, page 658, 8th Am. Ed; Hughes v. Wheeler, 8 Cowen, 77; McConnell et al. v. Stettinius et al., 2 Gilm. 707–13; Thomas v. Trustees of Schools, 16 Ill. 161.

It was error to refuse to instruct the jury for appellant that the making and delivery by him to appellee of the three notes for $433.50, $220 and $780 was not a valid consideration for his promise to satisfy and release the interest on the promissory note for $1,452.94—if the jury should believe from the evidence appellee had so promised.

A creditor who has made a contract with his debtor, whereby he surrenders to his debtor the original note he holds against the debtor, and receives the notes of his debtor for a less sum than the original note, can not rescind the contract, even though it be without consideration, and recover on the original indebtedness, without placing or offering to place his debtor *in statu quo.*

Where a creditor holding a promissory note not providing for the payment of attorneys' fees, by a contract with his debtor takes notes for a less amount, providing for the payment of attorneys' fees, in satisfaction of the original note, the provision in the notes so taken for the payment of attorneys' fees is such a consideration as to make the contract valid and binding.    Harper v. Graham, 20 Ohio, 106.

Messrs. BEACH & HODNETT, for appellee.

There was no legal consideration for waiving the interest. Stuber v. Schack, 83 Ill. 191; Kellogg v. Olmstead, 28 Barb. (N. Y.) 96; Same case, 25 N. Y. 189.

Where it appears from the evidence that the verdict is right, the case will not be reversed for error in the instructions.    Lundy v. Pierson, 83 Ill. 241; Burling v. Illinois Central Ry. Co., 85 Ill. 18; Independent Order of Mutual Aid v. Payne, 23 Ill. App. 171.

WALL, P. J.    Appellee held the promissory note of appellant for $1,452.94, dated May 13, 1884, bearing seven per cent. interest per annum, and due one year after date.

On the 16th day of May, 1887, this note being wholly unpaid, and appellant being financially embarrassed, the parties agreed that the appellant should give new notes for the principal sum, and that the old note should be surrendered. The new notes then given were: the first for $433.50, due July 1st, after date; the second for $220, due two years after date, and the third for $780, due three years after date; the last two bore interest from date at seven per cent., and all three contained a provision for attorneys' fees in case of suit brought thereon.    The aggregate sum of these notes is less

Roberts v. Carter.

than the principal of the original, by $19.44, but it is not denied that this was by mistake, and that appellant is liable for such difference. The contention is as to the interest for three years upon the original note.

It is insisted by the appellee that it was a part of the arrangement; that, for the release of said amount of interest, the appellant was to transfer to appellee a judgment held by appellant against one Lacock, and that, though often requested to do so, he did not make such transfer, while the appellant says, that in consideration of making the new notes, the interest due upon the old one was discharged.

The present suit was brought to recover the amount due upon the first one of the new notes, the interest upon the old, and the difference of $19.44 above stated.

There was a trial by jury, and the parties testified, each giving his version of the transaction, resulting in a verdict for appellee, upon which, after overruling a motion for new trial, the court rendered judgment, from which an appeal is prosecuted to this court.

It is assigned as error that the court gave, at the instance of plaintiff below, instruction number one, and we are disposed to hold the instruction faulty, because not predicated upon the evidence. It proceeds upon the hypothesis that appellant represented the Lacock judgment to be collectible, and that it appeared to be worthless, wherefore appellee was not bound to take it and might sue for the interest. The proof on the part of appellee was that appellant had refused to transfer the judgment, and though it was from the beginning a matter of doubt whether it could be collected, yet he had not declined to take it on that ground (though he did not accept it when tendered in the course of the trial) and upon the part of appellant the proof was that it had nothing to do with this settlement, but was involved in another settlement between appellant and the wife of appellee, in regard to a judgment she held against the appellant.

The instruction assumes a state of facts not in proof, and for that reason should have been refused.

The chief question presented by the record arises upon the

action of the court in giving the third instruction asked by the plaintiff, and in refusing the third and fourth asked by the defendant. They are as follows:

Asked by plaintiff and given:

"Third. Should the jury believe from the evidence that Carter, without any consideration, agreed to make Roberts a present of the interest due upon the $1,452.94 note on account of his losses with Danley, then you are instructed that such agreement would not be binding upon Carter in this case, and Carter would be entitled to recover the amount of such interest in this case."

Asked by defendant and refused:

"Third. If the jury believe from the evidence that the defendant was indebted to the plaintiff in the amount of a note for $1,452.94, with three years' interest thereon, and that thereafter plaintiff made a settlement of said note and interest with defendant, by which defendant gave and delivered to plaintiff the three notes of $433.50, $220 and $780, offered in evidence, and that the said three notes were so delivered and given to plaintiff, in consideration that all interest on the note for $1,452.94 should be waived and remitted, then in law that would be a sufficient consideration to support an agreement to waive and remit such interest, if you believe from the evidence that such agreement to waive and remit said interest has been proven.

"Fourth. The court instructs the jury for the defendant, that if they believe from the evidence, the defendant settled the note of $1,452.94 by giving the note in suit, and the other two notes of $220 and $780 executed by defendant and offered in evidence, with the agreement and understanding that all interest on the $1,452.94 should be waived and remitted, then you are instructed that the plaintiff can not recover any interest on the note for $1,452.94 in this action."

With regard to the instruction given for plaintiff, it may be said that it does not present any hypothesis fairly deducible from the evidence, in that it omits all reference to the fact that the giving of the new notes was the inducement for waiving the interest. The point of law raised by this instruction

Roberts v. Carter.

(in view of this feature of the evidence) and those refused, is whether the giving of these new notes may be deemed a sufficient consideration for such remission of interest upon the old notes. These new notes were payable at a future day, were negotiable, and provided for the payment of attorney fees in case of suit; one of them was due in a short time without interest; the other two had much longer time to run and bore interest. The old note was due and dishonored; nothing could be done with it except to bring suit upon it at the expense of the holder, so far as attorney fees were concerned. A new undertaking upon different terms was substituted for the old, and the parties to the contract were mutually satisfied with the arrangement, and each one, for his own reasons, preferred it to the old.

It is difficult to understand why parties who are competent to contract, should not be permitted to judge for themselves whether such a change in their situation is desirable, and if they so regard it and mutually agree, why the law should decline to enforce the agreement.

We have been referred to the celebrated case of Cumber v. Wane, 1 Strange, 426, where it was held that the giving of a promissory note for less than the sum due, was not a satisfaction of the balance.

The doctrine of that case has not been generally accepted, and courts have departed from it upon very nice distinctions. The rule is a hard one, and not adapted to the exigencies of practical business affairs. It is so purely technical and works so harshly that courts have not hesitated to say that where the thing accepted is not money, but some other thing, as a horse, hawk, robe, or even a pepper corn, the value being immaterial, the satisfaction is good.

We have no disposition to enter into a discussion of the cases in which the rule has been followed or disputed. After a full consideration of the question, both upon principle and authority, we are of opinion that where the parties enter into a new agreement, whereby new liabilities are assumed, both parties concurring in varying the contract, the change of position thus occasioned and the mutuality of the new agreement,

give rise to a consideration, the existence of which being certain, its adequacy is for the parties alone, and not for the court.

A note payable at a future day may be negotiated and can be utilized in ways impossible with paper that has matured, and if it contains a provision, as here, by which the expense of attorney fees may be saved to the holder in the event of suit, it has additional value. Whether these particulars are of sufficient importance to compensate for what is surrendered to secure them, is not to be questioned. There is a technical consideration, and the party to be affected having accepted it, can not afterward be permitted to say it was inadequate. This view, we think, accords with the current of authority, and in our judgment it has the support of sound reason.

For a complete review of the whole subject, reference may be made to the notes to Cumber v. Wane, 1 Smith's Lead. Cas., 8th Am. Ed., 6, 33, and among other cases therein, Sibree v. Tripp, 15 M. & W. 22, and Curlewis v. Clark, 3 Exch. 379. See, also, 3 Am. & Eng. Ency. of Law, 834; Harper v. Graham, 20 Ohio, 106; Gordon v. Moore, 44 Ark. 349; Neal v. Handley, 116 Ill. 418.

We are of opinion the court erred in giving the instruction for plaintiff, and in refusing those for the defendant upon this point.

The judgment will be reversed and the cause remanded.

*Reversed and remanded.*