(No. 20609.—)
MICHAEL CASEY et al. Appellants, vs. MAMIE HOGAN et al.
Appellees.

*Opinion filed April 23, 1931—Rehearing denied June 4, 1931.*

RUSH B. JOHNSON, and THOMAS F. BRENNAN, for
appellants.

WILLIAM C. MCHENRY, for appellees.

Mr. JUSTICE HEARD delivered the opinion of the court:

Appellants, Michael Casey and Mary Plant, on May 20,
1930, filed their bill of complaint in the superior court of
Cook county to contest the will of their sister, Laura Ho-
gan, deceased. A demurrer to the bill filed by appellees
was sustained by the court. Appellants electing to stand
by their bill, a decree was entered dismissing the bill for
want of equity. From this decree appellants have perfected
an appeal to this court.

The bill alleged that Laura Hogan, sister of appellants,
on May 18, 1926, executed an instrument purporting to be
her last will and testament; that she died February 4, 1930,
and that on May 8, 1930, the instrument of May 18, 1926,
was admitted to probate in the probate court of Cook county;
that by the instrument as originally drawn testatrix pur-
ported to devise and bequeath all her estate as follows:

"Two: I direct my executor to pay over and deliver to Father Fay of North Dakota, the sum of five hundred ($500) dollars.

"Three: I direct my executor to sell and dispose of my real estate and other property and convert the same into cash and distribute the same, share and share alike, to my brother, Michael Casey, and to my sisters-in-law, Mamie Hogan, Margaret Hogan, Elehore Hogan, Erin Hogan and Anna Meeker, and my sister, Mary Plant."

The bill further alleged that after execution of said instrument, Laura Hogan during June, 1929, erased, canceled and crossed out, by drawing lead pencil lines and marks across and through them, the following names, words and language originally contained in said instrument: "and to my sisters-in-law, Mamie Hogan, Margaret Hogan, Elenore Hogan, Erin Hogan and Anna Meeker;" that at the same time she in substance stated and declared that she was going to fix things so that her sisters-in-law would not get any of her property, that her brother and sister, the complainants, would get her property without any will, and that she would take care of Father Fay and pay him $500; that the Margaret Hogan named in the will as originally drawn died before the decease of Laura Hogan, and that Mamie Hogan, Elenore Hogan, Erin Hogan, Anna Meeker and Father Fay of North Dakota, whose full name is Charles W. Fay, are still living and made defendants to the bill.

Assuming, as we must, the allegations of appellants' bill to be true, the question arises, Does the bill state a cause of action by reason of the revocation of the will, or a part of it, after its execution? Our statute provides: "No will, testament or codicil shall be revoked, otherwise than by burning, canceling, tearing or obliterating the same, by the testator himself, or in his presence, by his direction and consent, or by some other will, testament or codicil in writing, declaring the same, signed by the testator or testatrix in the presence of two or more witnesses,

and by them attested in his or her presence; and no word spoken shall revoke or annul any will, testament or codicil in writing, executed as aforesaid, in due form of law." (Cahill's Stat. 1929, chap. 148, par. 19.)

No word spoken can revoke a will executed according to law. It is evident from an inspection of the will that it was not the intention of the testatrix to obliterate and so revoke the entire will, but, on the contrary, she only desired to change the beneficiaries under the third clause. The line drawn through the names of the sisters-in-law in the will did not purport to obliterate or revoke the entire will but only to alter it.

Appellants contend that even though the erasure does not show a revocation of the entire will it does show a partial revocation, and they cite authorities from other States on the subject of partial revocation. On the other hand, appellees contend that the cases cited are from States where partial revocation is recognized by statute and that our statute on wills does not recognize a partial revocation. It is well settled by the authorities that where the testator makes an alteration in his will by erasure and interlineation, or in any other mode, without authenticating such alteration by a new attestation in the presence of witnesses or other form required by the statute, it is presumed that the erasure was intended to be dependent upon the alteration going into effect as a substitute, and such alteration not being so made as to take effect, the will therefore stands in legal force the same as it did before, so far as it is legible after the attempted alteration. *Hesterberg* v. *Clark,* 166 Ill. 241; *Wolf* v. *Bollinger,* 62 id. 368.

An alteration made by a testatrix which fails for want of proper attestation leaves the original will in full force. Pencil erasures and alterations in a will made by a testatrix without new attestation will be disregarded by the court, and the will as originally drawn, if legible after the attempted alteration, will be taken as the will of the testatrix.

(*Schmidt* v. *Bauermeister,* 279 Ill. 504.) The bill of complaint not containing a statement of facts showing a valid revocation of the will, either total or partial, the court did not err in sustaining the demurrer to the bill and dismissing it for want of equity.

The decree of the superior court is affirmed.

*Decree affirmed.*