(No. 31043.—

In re Estate of Jeremiah Callahan.—(John W. Donovan, Exr., Appellee, *vs.* Charlotte M. Madden *et al.*, Appellants.)

*Opinion filed May 19, 1949.*

Rupert D. Jones, and G. A. Bosomburg, both of Chicago, for appellants.

THOMAS P. O'MALLEY, of Aurora, (J. ROBERT MURPHY, of counsel,) for appellee.

Mr. CHIEF JUSTICE FULTON delivered the opinion of the court:

This is an appeal from an order of the circuit court of Kane County which affirmed the action of the probate court of that county in admitting to probate an instrument purporting to be the last will and testament of Jeremiah Callahan, deceased. The appellants are certain heirs-at-law of the decedent. A freehold being involved, the appeal is perfected to this court.

It appears from the record that Jeremiah Callahan died on May 10, 1948. Among his effects was found a typewritten will consisting of two pages and dated June 6, 1945, which had been executed by the decedent and attested by two witnesses. The second page of the will contained merely the signature of the decedent and the attestation clause and signatures of the witness. The first page of the will consisted of three paragraphs. When the will was found it appeared that approximately the bottom third of the first page had been cut from the will by a sharp instrument. This cutting resulted in removing from the will a portion of the third paragraph thereof. A carbon copy of the will as originally drawn by the attorney who prepared the will was introduced in evidence and the will as found appeared, (the portions which had been cut from the will being in italics,) as follows:

### PAGE ONE

#### LAST WILL AND TESTAMENT OF JEREMIAH CALLAHAN

KNOW ALL MEN BY THESE PRESENTS, That I, Jeremiah Callahan, of the City of Aurora, Illinois, being of sound and disposing mind and memory, do hereby make, publish and declare this to be my last will and testament, hereby revoking any and all former wills by me heretofore made, that is to say:

*First:* I hereby appoint my cousin, John Donovan, 1208 West Fifty-fifth Street, Chicago, Illinois, to be Executor hereof, requesting that he be required to furnish no other than his individual bond, without surety or sureties, and direct him to pay all my just debts as soon after my decease as he can do so conveniently.

*Second:* After the payment of my debts and funeral expenses, I hereby direct my Executor to pay to the Pastor of Holy Angels Church of Aurora, Illinois, the sum of One Hundred Dollars ($100.00) for the purpose of having masses said for the repose of the souls of my beloved father, mother, brother and myself, and I hereby direct said Pastor to use his own discretion as to the manner and method of saying said masses.

*Third:* All the rest, residue and remainder of my property of every kind and nature, I hereby give, devise and bequeath forever to my said cousin, John Donovan, *and in the event of his death before mine, I hereby give, devise and bequeath the same to his wife, Louise Donovan, to be hers absolutely and forever, and in such case I appoint her Executrix, requesting that she be required to furnish no other than her individual bond, without surety or sureties, and confer upon her the same powers and impose the same duties as are herein given and imposed upon said John Donovan.*

*IN WITNESS WHEREOF, I have hereunto set my hand and seal,*

PAGE TWO

at Aurora, Illinois, this 6th day of June, A. D. 1945.

*Jeremiah Callahan* (SEAL)

The above and foregoing instrument, consisting of a little more than one page of typewriting, was upon the day and date thereof, signed, sealed, published and declared by said testator, Jeremiah Callahan, as and for his last will and testament, and now we, at his special request, in his presence and in the presence of each other hereby subscribe our names as witnesses thereto, believing said testator to be of sound and disposing mind and memory, and free from undue influence.

*Ruth D. Griffey*　　Residing at Aurora, Illinois

*Olney C. Allen*　　Residing at Aurora, Illinois

On May 25, 1948, John W. Donovan filed a petition for letters testamentary or, in the alternative, for letters of administration with the probate court of Kane County. By

this petition he presented for probate said will and prayed that the court would either determine that said instrument was the last will and testament of the deceased and appoint him as executor thereof or, if the court determined that said instrument was not the last will and testament of the deceased, that letters of administration issue to him. Thereafter Charlotte M. Madden, one of the decedent's heirs-at-law, filed a petition for letters of administration and asked that she be appointed administratrix of said estate. Subsequently an answer to the petition of Donovan was filed by appellants by which they asserted that said purported will had been revoked and demanded strict proof that the will was, in fact, the will of the deceased. Subsequently, a hearing was had and on July 20, 1948, the court admitted said will to probate and appointed Donovan as executor thereof. He took his oath and filed his bond, and letters testamentary were issued to him. The appellants then appealed to the circuit court of Kane County from the action of the probate court in admitting said will to probate. Subsequently a hearing was held in the circuit court and that court affirmed the action of the probate court and directed that the will be admitted to probate and that letters testamentary be issued to Donovan.

The appellants contend that the testator revoked this will by his act of mutilating it. They also contend that the judgment is contrary to the manifest weight of the evidence, and that the decision of the lower court is against public policy.

Section 46 of the Probate Act (Ill. Rev. Stat. 1947, chap. 3, par. 197,) provides in part: "Revocation.) A will may be revoked only (a) by burning, cancelling, tearing, or obliterating it by the testator himself or by some person in his presence and by his direction and consent, (b) by some other will declaring the revocation, (c) by a later will to the extent that it is inconsistent with the prior will, or (d) by an instrument in writing declaring the revocation

and signed and attested in the manner prescribed by this Article for the signing and attestation of a will." Section 47 provides: "Effect of Alteration.) An addition to a will or an alteration, substitution, interlineation, or deletion of any part of a will which does not constitute a revocation of the will under this Article is of no effect, unless made by the testator or by some person in his presence and by his direction and consent and unless the will is thereafter signed and attested in the manner prescribed by this Article for the execution of a will."

It, therefore, appears that the cutting of the portion of the third paragraph from the will was not effective to delete from or change the will because there is no evidence that the testator thereafter signed and attested the will in the manner prescribed by statute. The sole question for consideration is whether the cutting of the will constituted a revocation of the will. Under our statute a will may be revoked "by burning, cancelling, tearing or obliterating it by the testator himself or by some person in his presence and by his direction and consent." We have held that the word "tearing" in this section includes cutting. (*Fleming v. Fleming*, 67 Ill. 97.) In determining whether the tearing or cutting of the will constitutes a revocation thereof the intention of the testator at the time of said cutting or tearing controls. *Burton v. Wlyde*, 261 Ill. 397.

The court has had before it the original document and has examined the same. It appears that the testator was very careful to delete from the will only that portion thereof which provided for the wife of John Donovan in the event John Donovan should predecease the testator. John Donovan, in fact, survived the testator, and, therefore, we do not have before us for determination the effect of this cutting upon any bequest or devise to Mrs. Donovan.

It appears that the cutting was done with a sharp instrument and was not a tear. One is led to believe that a person ordinarily desiring and intending to revoke this will

would have torn the entire will and particularly the page containing the testator's signature and the attestation clause. But in this case it is very apparent that the testator used extreme care in not cutting from the will the name of John Donovan although his name appears in the middle of a typewritten line. It also appears from the evidence that in 1944 the testator had drawn a previous will. This will could not be found and this circumstance is indicative that the testator was aware of the manner in which a will could be revoked.

We have previously held that the tearing or cutting of a portion of a will with the intent to revoke a part of it cannot amount to a revocation of the entire will in this State. *Casey* v. *Hogan,* 344 Ill. 208; *Fleming* v. *Fleming,* 367 Ill. 97.

The case at bar is very similar to the case of *Fleming* v. *Fleming,* in which case the lower part of the first page of the will had been separated from the rest of the page and pencil lines had been drawn through the writing directing various bequests. All of the cut or torn-off portion of the first page was thus scratched out with the exception of the last line. In that case we held that the will had not been revoked and we stated, "Such an intention on his part is quite inconsistent with the obvious care which he took to separate the lower portion of the first page from the body of the will and the preservation of all the instrument, including the portion severed. His conduct, by the same token, manifested quite as clearly an intention to preserve the body of the instrument and to make inoperative that portion, only, which was severed from it. The appearance of the instrument alone, in the instant case, furnishes satisfactory explanation without extrinsic evidence."

The appellants rely upon the testimony of two witnesses who gave evidence indicating that the testator had stated that he had destroyed his will or that he was going to destroy his will because Donovan had refused to help him

keep up the property which he was going to inherit under the provisions of the will. A careful reading of their testimony indicates that they were not certain as to the times of said conversations or the circumstances attending them, and the credence to be given them was shaken by their cross-examination. In considering such testimony in the face of testimony indicating that decedent was a reasonably intelligent person fully familar with and able to transact his own business affairs, coupled with the fact that he had made a will prior to the one in question and the fact that the will here presented had been so carefully cut to delete only the contingent beneficiary, we believe that the trial court properly found the issues for the proponent of the will.

For the reasons stated in this opinion, the judgment of the circuit court of Kane County is affirmed.

*Judgment affirmed.*