Estate of Esther M. Newell, Deceased.
Marjorie Hibbe and Jeanette Knauer, Respondents-Appellants, v. Mary J. Palmer, Individually, as Administratrix and Co-Executrix, and Arthur T. McGivern, as Co-Executor of the Estate of Esther M. Newell, Deceased, Petitioners-Appellees.

Gen. No. 53,565.

First District, Fourth Division.

January 14, 1970.

Winston, Strawn, Smith & Patterson, of Chicago (George B. Christensen, Charles J. Calderini, and Kenneth G. Pigott, of counsel), for appellants.

Richard Altieri and Roland Towle, of Chicago, for appellees.

MR. JUSTICE DRUCKER delivered the opinion of the court.

This is an appeal from an order admitting to probate the will of Esther M. Newell, deceased.

The facts are not in dispute. On June 16, 1968, Esther M. Newell died in Chicago, Illinois. She left as her only heirs at law and next of kin four cousins, two of whom are appellants in this case. Letters of administration were issued to Mary J. Palmer on June 21, 1968. A document purporting to be the last will and testament of Esther M. Newell was filed with the court on June 27, 1968. On August 7, 1968, Mrs. Palmer, as administratrix, filed a petition asking leave for a hearing on the proof and admission to probate of the will filed June 27, 1968. The petition named Marjorie Hibbe, Monica McCollins, John McCollins and Jeanette Knauer as respondents. Only Marjorie Hibbe and Jeanette Knauer contested the petition and are referred to hereinafter as respondents.

Thomas R. Benz and Clara Mandel, attesting witnesses, testified to the due execution of the document and the sound mind of the decedent at the time of execution. Both witnesses admitted that "X" marks in the margins of the first and second pages of the will and the pencil markings through the names of the residual beneficiaries were not present at the time of execution of the will. Neither witness had any knowledge as to how or when these markings were made, nor did they know in whose custody the will was after the execution date.

Wellington J. Hughey, one of the two residuary beneficiaries under the will, died on March 30, 1964, some four years before Mrs. Newell.

Respondents obtained the court's permission to have an expert in questioned documents (handwriting expert) examine the will. He testified that the markings were made after the names of the residual beneficiaries in paragraph twenty had been typewritten in. All the markings were made by an ordinary lead pencil. There were at least three pencil strokes through the name of Wellington Hughey and two lateral and two vertical strokes across and through the name of Mary J. Palmer. He had no way of knowng when these pencil marks were made but stated that the names were still legible and could be read.

Mrs. Palmer was called as an adverse witness by the respondents.

After arguments by counsel, the court held that there was no evidence of cancellation of the will and admitted it to probate. From this order the respondents appeal.

Respondents contend that the will of Esther M. Newell was revoked by cancellation and cite section 46 of the Illinois Probate Act (Ill Rev Stats, c 3, § 46 (1967)):

> A will may be revoked only (a) by burning, cancelling, tearing, or obliterating it by the testator himself or by some person in his presence and by his direction and consent, . . . .

They argue that a will cannot be admitted to probate when markings made subsequent to its execution appear across an essential portion of the document. In the instant case the names of the two residual beneficiaries in the residuary clause had been pencilled through but were still legible. Respondents claim that since the residuary clause passed approximately 98% of Mrs. New-

ell's estate to these beneficiaries the will of the deceased was revoked in its entirety.

Petitioners urge that the striking of the names of the beneficiaries was merely an attempted alteration or deletion which did not revoke by cancellation the deceased's will since there was no compliance with section 47 of the Probate Act (Ill Rev Stats, c 3, § 47 (1967)) which provides:

> An addition to a will or an alteration, substitution, interlineation, or deletion of any part of a will which does not constitute a revocation of the will under this Article is of no effect, unless made by the testator or by some person in his presence and by his direction and consent and unless the will is thereafter signed and attested in the manner prescribed by this Article for the execution of a will.

In Casey v. Hogan, 344 Ill 208, 176 NE 257, the complaint alleged that the testatrix, after the execution of her will, erased, cancelled and crossed out by the use of a lead pencil the names of five of seven beneficiaries; that she stated that she was going to "fix things" so that these five beneficiaries would not receive any of her property as she wanted her brother and sister to take her property without any will. The court found that this statement of facts did not show a valid revocation of the will, and dismissed the complaint for want of equity. In affirming this decree the Supreme Court stated at page 210:

> An alteration made by a testatrix which fails for want of proper attestation leaves the original will in full force. Pencil erasures and alterations in a will made by a testatrix without new attestation will be disregarded by the court, and the will as originally drawn, if legible after the attempted alteration,

will be taken as the will of the testatrix. (Schmidt v. Bauermeister, 279 Ill 504.)

In the instant case there was no evidence of any statement by the deceased as to her intention to change her beneficiaries.

■ Furthermore, an examination of Mrs. Newell's will shows that the first nineteen paragraphs of her will, including eighteen bequests, remain intact except for some "X" marks in the margin at paragraphs three, four, six, twelve and thirteen which do not affect these particular dispositions; that the appointment of the co-executors (one of whom was Mary J. Palmer) was not changed; and that the signatures of the testatrix which appear in three places and those of the attesting witnesses also remain unchanged. In Board of Nat. Missions of Presbyterian Church v. Sherry, 372 Ill 272, 276, 23 NE 2d 730, the court has said:

> . . . the drawing of lines through certain portions of a will, in the absence of evidence of an intention on the part of the testator to revoke the entire will, cannot amount to a revocation of the will, the crossing out will be disregarded and the instrument as originally executed, so far as its contents are legible, is entitled to be admitted to probate. Fleming v. Fleming, supra; Casey v. Hogan, 344 Ill 208; Schmidt v. Bauermeister, 279 id. 504; Hesterberg v. Clark, supra; Wolf v. Bollinger, supra.

We find no error in the trial court's determination that there was no evidence of cancellation of the will.

■ Appellants also contend that they should be granted a new hearing because of the improper exclusion of evidence tending to show a revocation of Mrs. Newell's will. When Mary J. Palmer was called by respondents as an adverse witness, the court refused to

allow respondents to show the circumstances under which the will was found or the intelligence and business acumen of the testatrix. The offer of proof tendered by respondents did not establish a revocation by cancellation of the will or any intention on the part of the testatrix to do so. Therefore, we find no prejudicial error in the judge's ruling on the exclusion of this evidence.

We further find that after a full and fair hearing the court properly admitted the will to probate and we affirm that order.

Affirmed.

STAMOS, P. J. and LEIGHTON, J., concur.