Donald C. Strand, Exr. of the Estate of John C. Hoagland, Deceased, Plaintiff-Appellee, *v.* The United (Methodist) Church of Sheldon *et al.*, Defendants-Appellants—(Sumner National Bank of Sheldon *et al.*, Defendants-Appellees.)

(No. 72-259;

Third District—November 20, 1973.

Brock, Markwalder, Sunderland, Razzano & Murphy, of Watseka, for appellants.

Bell, Smith & Dannehl, of Watseka, and John D. Whitenack, Assistant Attorney General, of Chicago, for appellees.

## OPINION ON REHEARING

PER CURIAM:

A petition for rehearing was filed by the Honorable William J. Scott, Attorney General of the State of Illinois, in the above case and an answer to such petition was filed by appellee, pursuant to direction of this court.

In conjunction with such petition for rehearing, it was stipulated that the savings account passbook was delivered to the trustees of the United Presbyterian Church of Sheldon. The trustees on behalf of the church had continuous possession of the passbook and the passbook has been retained by the merged church, The United (Methodist) Church of Sheldon, Illinois. It was also pointed out on rehearing that the Sunday school addition specified in the directions could, in fact, still be built on the Presbyterian Church building site or elsewhere in Sheldon, even though the building formerly used by the Methodist Church is one presently used by the merged churches.

■■ In view of these facts, which were not directed of record to the attention of this court previously, we have determined that a disposition of this cause, not heretofore contemplated at the time the original opinion was rendered, should now be entered in modification of our previous opinion. (12 Ill.App.3d 916, 299 N.E.2d 24.) This is notably so for the reason that, as specified in the written "directions" which we have referred to in our previous opinion, there was no provision for reversion or other disposition of the funds in the event the Sunday school was not built, and it is obvious that the parties intended to carry the gift into effect in accordance with the specific directions. We are also aware that in determining the validity of charitable gifts in this State, every presumption must be made in order to effectuate such gifts. *Franklin v. Hastings,* 253 Ill. 46, 50, 97 N.E. 265; *Village of Hinsdale v. Chicago City Missionary Society,* 375 Ill. 220, 231, 30 N.E.2d 637; *Stubblefield v. Peoples Bank,* 406 Ill. 374, 384, 94 N.E.2d 134.

■■ It is apparent that upon the merger of the United Presbyterian Church, the rights which existed under the terms of the special deposit and the gift therein provided for, vested by succession in the United (Methodist) Church. (*Community Unit School No. 4 v. Booth,* 1 Ill.2d 545, 116 N.E.2d 161). As we had previously indicated, while the strict application *cy pres* doctrine may not be undertaken in this case, it is unnecessary to apply such doctrine to effectuate the gift. Merged religious organizations are vested with the same property rights as each held before the merger (Ill. Rev. Stat. 1971, ch. 32, § 188(f)). Without resort to the *cy pres* doctrine, the court has general powers of equity over charitable trusts and by application of equitable principles may effectuate the gift specifically in this case. It is clear from the documents filed on rehearing that the merged church is in position where there can still be full and complete compliance with the "directions" given by Mr. Hoagland. It is stated that the Sunday school addition could, in fact, still be built on the Presbyterian building site. If construction on such site may not be undertaken, application to the equitable powers of the circuit

court may be taken by the United (Methodist) Church to permit the construction of the Sunday school addition elsewhere in Sheldon.

Therefore, upon reconsideration on rehearing, we have concluded that the judgment of the Circuit Court of Iroquois County in this case should be reversed and this cause should be remanded to the Circuit Court of Iroquois County with directions to such court to vacate the previous judgment and to decree that the special deposit does not revert to the John C. Hoagland estate, but in fact vests in the United (Methodist) Church of Sheldon subject only to the directions executed by John C. Hoagland and accepted by the Board of Trustees of United Presbyterian Church of Sheldon, Illinois.

The judgment of the Circuit Court of Iroquois County is, therefore, reversed and this cause is remanded for further proceedings consistent with the views expressed in this opinion on rehearing.

Reversed and remanded with directions.