**Birthe Lise ROBSON, Plaintiff,**

v.

**Raymond F. ROBSON, Sr., Defendant.**

**No. 79 C 4749.**

United States District Court,
N. D. Illinois, E. D.

April 8, 1981.

Walsh, Case & Coale, Chicago, Ill., for plaintiff.

Walter Cummings, Homewood, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

Plaintiff Birthe Lise Robson ("Birthe") brought this action against her father-in-law, Raymond F. Robson, Sr. ("Ray, Sr.") in

order to obtain his performance under a contract entered into between Ray, Sr. and Birthe's husband, R. F. Robson, Jr. ("Ray, Jr.").[1] Plaintiff asserts that under the terms of the contract, she is a third-party beneficiary with vested rights that are being infringed by the failure of Ray, Sr. to perform under the terms of the agreement. This matter is currently before the Court on cross motions for summary judgment.

The following facts are undisputed. Ray, Sr. and Ray, Jr. each owned fifty percent of the outstanding shares of P. B. Services, Inc. On July 23, 1975, they entered into a written contract in order to satisfy a two-fold purpose: (1) to establish a retirement payment schedule for Ray, Sr., and (2) to provide for the ownership of their stock certificates in the eventuality of their deaths. The contract provides that each party would continue to own fifty percent of P. B. Services, Inc.; Ray, Jr. would be obligated to maintain the operation of the business; and Ray, Sr.'s only compensation from the operation of the business would be an allotment of $1,000 per month for the duration of his life. In the event of Ray, Sr.'s death, his stock certificates were to become the property of Ray, Jr., who was obliged to pay $500 per month from the proceeds of the company to his father's spouse for the duration of her life. In the event of Ray, Jr.'s death, his shares were to become the property of Ray, Sr., who thereafter was to pay $500 per month from the proceeds of the company to his son's wife (the plaintiff) for the five years immediately following Ray, Jr.'s death or until plaintiff remarried, whichever first occurred.[2]

Subsequent to the execution of the contract, Ray, Jr. and Birthe experienced marital problems and separated, and in 1977, Ray, Jr. filed a Petition for Divorce. On February 21, 1979, Ray, Jr. and Ray, Sr. attempted to modify their contract by deleting that portion of the agreement which provided for any payment to Birthe. Ray, Jr. drew a line through the applicable portions of the contract in the presence of three witnesses and the change was initialed by both Ray, Jr. and Ray, Sr. Two days later Ray, Jr. died of cancer.[3]

Plaintiff now seeks enforcement of the provisions of the original contract that require Ray, Sr. to pay her $500 per month for five years or until she remarries.[4]

■ Under Illinois law, plaintiff has standing to sue as a third-party beneficiary under the original contract. As the Illinois Supreme Court stated in *Carson Pirie Scott & Co. v. Parrett*, 346 Ill. 252, 257, 178 N.E. 498, 501 (1931):

> [I]f a contract be entered into for a direct benefit of a third person not a party thereto, such third person may sue for breach thereof. The test is whether the benefit to the third person is direct to him or is but an incidental benefit to him arising from the contract. If direct he may sue on the contract; if incidental he has no right of recovery thereon.

A contract need not be entered into for the sole benefit of the third person in order to enable him to enforce it, so long as it is clear that the contracting parties intended him to benefit directly.[5] *Id.; Beck v. Reyn-*

---

1. Since plaintiff is a citizen of Illinois, defendant is a Florida citizen, and the amount in controversy is over $10,000, diversity jurisdiction is appropriate pursuant to 28 U.S.C. § 1332.

2. The contract also stated that by entering into the agreement, the parties did not intend to create any individual personal indebtedness, and that all funds provided for in the contract were to be payable from the proceeds of the operation of P. B. Services, Inc.

3. At the time of his death, Ray, Jr.'s divorce action was still pending in state court.

4. As of the date of this decision, two years have passed since Ray, Jr.'s death and plaintiff has not remarried.

5. The decision in *Searles v. City of Flora*, 225 Ill. 167, 170, 80 N.E. 98 (1906), cited by defendant, is not to the contrary. In *Searles*, the court stated that if a contract is entered into solely for the benefit of the contracting parties, third persons cannot recover under its provisions. Contrary to defendant's argument, this does not mean that a third-party beneficiary must be the sole beneficiary in order to obtain

*olds Metals Co.*, 163 F.2d 870 (7th Cir. 1947); *People v. Davis*, 78 Ill.2d 381, 36 Ill.Dec. 338, 400 N.E.2d 918 (1980); *Town & Country Bank v. James M. Canfield Contracting Co., Inc.*, 55 Ill.App.3d 91, 12 Ill.Dec. 826, 370 N.E.2d 630 (4th Dist. 1977). The contracting parties in the case at bar clearly intended the contract to directly benefit not only themselves, but also their wives, with respect to whom specific provisions were drafted.

The more difficult question, and the one that as far as our research discloses, has never been faced by an Illinois court, is whether contracting parties may discharge, rescind, or revoke the benefit promised to a third-party donee beneficiary prior to the vesting of the beneficiary's rights, where the beneficiary has not detrimentally relied upon receiving the benefit. Although some authorities have stated that the promisor in a third-party beneficiary contract has no right to deprive the beneficiary of his vested rights therein, I.L.P. Contracts § 321; *Bay v. Williams*, 112 Ill. 91, 1 N.E. 340 (1884); *Town & Country Bank v. James M. Canfield Contracting Co., Inc.*, 55 Ill.App.3d 91, 12 Ill.Dec. 826, 370 N.E.2d 630 (4th Dist. 1977); *Pliley v. Phifer*, 1 Ill.App.2d 398, 117 N.E.2d 678 (1st Dist. 1954), these authorities have no bearing on the case at bar because they fail to distinguish between creditor beneficiaries (at issue in all the above-cited cases) and donee beneficiaries (at issue in the instant case), and because plaintiff's rights in the instant case had not vested at the time the contracting parties attempted to discharge Birthe's interest.

■ A donee beneficiary of a contract is a third-party to whom the promised beneficial performance comes without cost as a donation or gift. 4 Corbin on Contracts § 782. In contrast, if a promisee enters into a contract with a promisor with the express intent that the performance contracted for is to satisfy and discharge a pre-existing duty or liability, the third-party to whom the pre-existing duty or liability is owed is a creditor beneficiary. 4 Corbin on Contracts § 787. In the typical creditor beneficiary case, A and B enter into a contract and thereafter B and C contract to have C perform B's obligation to A. A then becomes the third-party beneficiary to the contract between B and C.

■ In such creditor beneficiary cases, Illinois courts have held that the party procuring the promise (B) has no legal right to discharge the person who made the promise (C) from his liability to the beneficiary (A). *See, e. g., Bay v. Williams*, 112 Ill. 91, 97, 1 N.E. 340 (1884); *Pliley v. Phifer*, 1 Ill. App.2d 398, 406–07, 117 N.E.2d 678, 681–82 (1st Dist. 1954). Underlying this doctrine is the fact that the beneficiary obtains a vested right as against the promisor at the instant the promisor agrees to undertake the promisee's duty or liability to the beneficiary. Because creditor beneficiary cases only involve situations where a pre-existing duty or liability is contractually transferred to a new party, there is never any question that the third-party beneficiary's rights vest as soon as the contract is executed. Also underlying this doctrine is the belief that the beneficiary will relax his efforts to obtain performance from the promisee upon discovering that it is now the promisor who is obligated to perform the task. *See, e. g., Pliley v. Phifer*, 1 Ill.App.2d at 406–07, 117 N.E.2d at 681–82. The third-party beneficiary's reliance upon the performance of the promisor thus can be presumed in creditor beneficiary cases, due to the nature of the transaction. In such cases, Illinois courts have refused to let B discharge C's duty to perform, because A, although not a party to the B/C contract, obtained a vested right in the contract and will be harmed by the discharge of C. The harm, however, does not arise because A has not received his due from C; that problem arose long before the B/C contract. It arises, rather, because the B/C contract created a time-consuming diversion, during which A looked to C for performance. Were B allowed to constantly change the cast of characters on A, contracting for and then discharging his obligations to a steady stream of Ds, Es, Fs,

---

any rights under a contract. In the instant case, the contract was drafted for the direct benefit of the contracting parties and their wives.

and Gs, A, without any right to interfere in B's collateral contracts, would be impotent to stop B's diversionary and dilatory tactics. Thus, Illinois courts have consistently held that a third-party creditor beneficiary obtains an immediate vested right as against a promisor, and this right, once given, deprives the promisor of any interest or right in the subject matter of the promise, including the right to alter, rescind, or revoke it. *Pliley v. Phifer*, 1 Ill.App.2d at 407, 117 N.E.2d at 682 and cases cited therein.

Donee beneficiaries present very different considerations. Their interests do not vest automatically upon execution of the B/C contract because they were not owed any pre-existing duty or liability. Indeed, prior to the B/C contract, the donee beneficiary may have had no relationship whatsoever with B or C. Similarly, unlike the creditor beneficiary situation, there is no reason for the Court to presume that a donee beneficiary would act in reliance upon the B/C contract. Indeed, a donee beneficiary may acquire rights even though he is unaware that he has been made a beneficiary to the B/C contract. Thus, because there is no pre-existing duty or liability owed to the donee beneficiary, there is no reason for courts to presume that a donee beneficiary acted in reliance upon being named as a third-party beneficiary to a contract.

■ One reason for the analytical distinction between the rights of creditor beneficiaries and donee beneficiaries is their disparate heritage. The rights of a creditor beneficiary derive directly from contract law. It is by virtue of his contract rights against the debtor that the creditor beneficiary ac-

quires a right to sue against the new promisor. Williston on Contracts, 3d Ed. §§ 364, 368. Determining the rights of a donee beneficiary, however, is conceptually more akin to the law of gifts than it is to the law of contracts. In that context, it is elementary that when a donor has delivered a gift to C for the benefit of A, the gift is not revocable by the donor after such delivery, even if A is unaware of it. *Pocius v. Fleck*, 13 Ill.2d 420, 150 N.E.2d 106 (1958); *Herrin v. McCarthy*, 339 Ill. 530, 171 N.E. 621 (1930); *Christian v. Christian*, 69 Ill.App.3d 450, 26 Ill.Dec. 326, 387 N.E.2d 1254 (1st Dist. 1979). But where the gift has *not* been delivered, and moreover, where the gift is made conditional upon subsequent events which may or may not occur, that gift may be revoked by the donor at any time prior to its vesting; for until delivery there exists no gift, but rather, merely the promise of a gift.[6] *Pocius v. Fleck*, 13 Ill.2d 420, 150 N.E.2d 106 (1958); *Meyer v. Meyer*, 379 Ill. 97, 39 N.E.2d 311 1942); *Hopkins v. Hughes*, 340 Ill. 604, 173 N.E. 100 (1930); *Strand v. United (Methodist) Church of Sheldon*, 12 Ill.App.3d 917, 298 N.E.2d 779 (3d Dist. 1973), *rehearing* 16 Ill.App.3d 744, 307 N.E.2d 621 (1973); *Dudley v. Uptown National Bank of Moline*, 25 Ill.App.2d 514, 167 N.E.2d 257 (2d Dist. 1960).

■ Although commentators have recognized the analogy between the rights of a donee beneficiary and the rights of one receiving a gift of property, they fail to follow the analogy through to its necessary conclusion. 4 Corbin on Contracts, § 814 at 254; Williston on Contracts, 3d Ed. § 396 at 1067. Instead, both Williston and Corbin indicate that a donee beneficiary acquires a

---

**6.** The same result obtains even if the issue is characterized as a question of testamentary power. In Illinois, a testator may revoke a portion of his will by drawing a line through the portions to be altered with the remainder of the document being unaffected if the testator acts in accordance with Ill.Rev.Stat. ch. 110–½ ¶ 4–9, which states in full:

An addition to a will or an alteration, substitution, interlineation or deletion of any part of a will which does not constitute a revocation of a will is of no effect, unless made by the testator or by some person in

his presence and by his direction and consent and unless the will is thereafter signed and attested in the manner prescribed by this Article for the execution of a will.

*See Casey v. Hogan*, 344 Ill. 208, 176 N.E. 257 (1931); *In re Estate of Newell*, 119 Ill.App.2d 385, 256 N.E.2d 53 (1st Dist. 1970). In the instant case, Ray, Sr. has stated that Ray, Jr. altered his agreement with Ray, Sr. on February 21, 1979, in the presence of LaVerne F. Robson, Karen Robson, and a nurse, and that Ray, Jr. signed his name next to the alteration.

right at once upon the making of the contract and that right becoms immediately indefeasible. *Id.* The commentators, however, fail to consider a situation such as the one at bar. Where the donee beneficiary's right is contingent upon the occurrence of certain events, it does not vest until the occurrence of those events. *Cf. Dudley v. Uptown National Bank of Moline,* 25 Ill. App.2d 514, 528, 167 N.E.2d 257, 264 (2d Dist. 1960). *See also Pliley v. Phifer,* 1 Ill.App.2d 398, 407–08, 117 N.E.2d 678, 682 (1st Dist. 1954). Until the donee beneficiary obtains vested rights, he is without power to affect the decisions made by the contracting parties.[7]

█ Regardless of whether contract principles, gift principles, or estates principles are applied, Ray, Sr. and Ray, Jr. had a right to alter, rescind, or revoke any or all of their contract prior to the time that the contract vested rights in the donee beneficiaries. Had the donee beneficiary acted to her detriment in reliance upon a promise contained in the agreement, this would be a very different case. There has been no evidence presented to the Court, in affidavit form or otherwise, to indicate that plaintiff acted in reliance upon the contract entered into by Ray, Sr. and Ray, Jr. However, where the contract rights of a donee beneficiary have not yet vested and where the beneficiary has not detrimentally relied upon a promise contained in the contract, this Court will not subvert the intent of the contracting parties when it is clear that they desired to alter the terms of their contract.

█ Finally, plaintiff argues that the modification of the contract is invalid for lack of consideration. This argument must fail for a variety of reasons. First, lack of consideration is an argument which goes to an attempt by one party to enforce a contract against another party. In the case at bar, nobody is seeking to enforce the terms of the modified contract. Moreover, plaintiff, with no rights in the modified contract, and with only contingent unvested rights in the original contract, is in no position to challenge the adequacy of consideration. *Roberts v. Carter,* 31 Ill.App. 142 (1888). Indeed, even if this were a proper challenge to consideration and if plaintiff was a proper party to assert the challenge, the Illinois Supreme Court has stated that a contract modification that has been executed by the parties will not be disturbed by the court, even in the absence of consideration. *Snow v. Griesheimer,* 220 Ill. 106, 77 N.E. 110 (1906); *Terminal Freezers, Inc. v. Roberts Frozen Foods, Inc.,* 41 Ill.App.3d 981, 354 N.E.2d 904 (3d Dist. 1976). Moreover, it is apparent that the modified contract did involve adequate consideration for both the contracting parties. Ray, Jr. benefitted by discharging the contingent rights of a wife for whom he no longer cared and Ray, Sr. benefitted by being released from a potential obligation to make monthly payments to the plaintiff.

For the foregoing reasons, plaintiff's motion for summary judgment is denied and defendant's motion for summary judgment is granted. It is so ordered.

---

**7.** The decision in *Joslyn v. Joslyn,* 386 Ill. 387, 54 N.E.2d 475 (1944), is not to the contrary. *Joslyn* is a donee beneficiary case where the court stated, in dicta, that a promisor and promisee could not discharge the rights of the donee beneficiary. *Id.* at 400–01, 54 N.E.2d 475. Unlike the instant case, however, the donee beneficiary's interest in *Joslyn* was not conditional and consequently vested immediately upon the execution of the contract between the promisor and promisee. Moreover, in *Joslyn* there was no agreement between promisor and promisee to discharge the interest of the donee beneficiaries. In contrast, the one overriding and uncontested fact in the case at bar is that Ray, Sr. and Ray, Jr. clearly intended to alter their contract in order to relieve Ray, Sr. of any contingent obligations that he had under the original contract.