Ronald R. **PETERSON**, Chapter 7 Trustee of Stotler and Company, **Appellant,**

v.

Toni Dirickson **NEUMANN, Appellee.**

**Bankruptcy No. 94 C 1277.**

United States District Court, N.D. Illinois, Eastern Division.

Dec. 16, 1994.

Vincent E. Lazar, Jenner & Block, Chicago, IL, for appellant.

Glenn H. Rosenthal, Chicago, IL, for appellee.

## MEMORANDUM OPINION AND ORDER

BUCKLO, District Judge.

Ronald R. Peterson, Chapter 7 Trustee of Stotler and Company ("trustee"), appeals from the holding of the United States Bankruptcy Court allowing Toni Dirickson Neumann ("Ms. Neumann") to assert her claim against the debtor. Ms. Neumann cross-appeals claiming that the bankruptcy court erred in failing to find that an agreement to which the debtor was a party provided fur-

ther basis for its holding. Jurisdiction exists because this is an appeal from a final order of the United States Bankruptcy Court for the Northern District of Illinois. 28 U.S.C. § 158(a). For the reasons stated below, this Court affirms the bankruptcy court's holding that Ms. Neumann may assert her claim against the debtor.

### Background

Stotler and Company, the debtor, is an Illinois corporation which is a futures commission merchant and government securities broker-dealer. Stotler and Company, the partnership, is an Illinois limited partnership and the majority shareholder of the debtor's parent corporation. Prior to August 22, 1988, the partnership was a futures commission merchant and government securities broker-dealer. Ms. Neumann formerly maintained a commodities trading account at the partnership.

On August 22, 1988, the partnership transferred its brokerage business to the debtor pursuant to the Exchange Agreement. In return, the debtor agreed, *inter alia,* to assume the partnership's liabilities to third parties, including the partnership's liabilities to customers of the partnership's brokerage business.

On August 24, 1990, the debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code. Mr. Peterson was appointed trustee on August 27, 1990. In December, 1991, the trustee commenced an adversary action against the partnership and each of its general partners alleging, among other things, that the partnership had breached the Exchange Agreement. The parties subsequently settled the litigation, and the trustee withdrew his lawsuit.

On December 10, 1990, Ms. Neumann filed Claim No. 524 in the debtor's bankruptcy case. Ms. Neumann's claim arises out of an arbitration proceeding which she initiated before the National Futures Association against her broker and Stotler and Company. Ms. Neumann alleged in her complaint that the defendants acted fraudulently and negligently and breached their fiduciary duties to her when handling her commodities trading ac-

count. Following a hearing, an award was entered in her favor for $11,303.59. Neumann Ex. C–3. The award has not been satisfied, and Ms. Neumann asserts in her claim that the debtor is liable to her for this sum.

On October 8, 1993, the trustee filed an objection to Ms. Neumann's claim on the basis that it related to trading activity in 1986 and 1987. The claim, therefore, arose out of the business operations of the partnership rather than the debtor. The trustee asserted that the debtor was not responsible for the partnership's debts to third parties.

On January 13, 1994, the bankruptcy court conducted a hearing on the trustee's objection to Ms. Neumann's claim and the claims of two other creditors. The bankruptcy court found that the debtor expressly assumed all the liabilities of the partnership. Tr. at pp. 101, 110–111. The court further found that there was a continuity of ownership between the partnership and the debtor; that there was a continuity of the enterprise of the partnership; and that the branch of the partnership dealing with future accounts was liquidated. Tr. at pp. 109, 111. Based on these findings of fact, the court held that Ms. Neumann may assert her claim against the debtor. Tr. at p. 112.

### This Court's Review

The trustee asks this Court to decide whether the bankruptcy court erred in holding that Ms. Neumann may assert her claim against the debtor. Ms. Neumann, on cross-appeal, requests the Court to determine if the bankruptcy court erred in failing to specifically find that the Exchange Agreement provides a basis for permitting her to assert her claim against the debtor.

This Court will accept the bankruptcy court's findings of fact unless they are clearly erroneous. *In re Ebbler Furniture and Appliances, Inc.*, 804 F.2d 87, 89 (7th Cir.1986). The bankruptcy court's determination of legal issues may be reviewed *de novo*. *Id.*

### Successor Liability

█ A company which purchases the assets of another company is not liable for the debts and liabilities of the purchased company by reason of the sale. *Fenderson v. Athey Products Corporation*, 220 Ill.App.3d 832, 163 Ill.Dec. 337, 339, 581 N.E.2d 288, 290 (1st Dist.1991). The purchasing company incurs liability only if (1) there has been an express or implied agreement of assumption, (2) the transaction is a consolidation or merger, including a *de facto* merger, of the purchaser and seller corporations, (3) the purchaser is a continuation of the seller, or (4) the transaction is for the fraudulent purpose of escaping liability for the seller's obligations. *Id.*

█ The bankruptcy court found that Ms. Neumann may assert her claim against the debtor on the basis of four findings of fact: (1) pursuant to an agreement, the debtor assumed all the liabilities of the partnership, (2) there was a continuity of ownership between the partnership and the debtor, (3) there was a continuity of the enterprise of the partnership, and (4) the branch of the partnership dealing with future accounts was liquidated. Tr. at pp. 109–111. To the extent the bankruptcy court held that the debtor is liable for Ms. Neumann's claim based on its finding that the debtor assumed the liabilities of the partnership under the Exchange Agreement, the bankruptcy court was correct. Accordingly, this court will not consider the alternative basis for finding liability.

### "Express Agreement of Assumption"

The bankruptcy court found that the debtor expressly assumed the partnership's liabilities, and the trustee agreed. Tr. at pp. 101, 111. The Exchange Agreement states:

[The debtor] agrees to assume and to pay, perform and discharge any and all debts, liabilities and obligations of the Partnership as of the Closing Date of every nature whatsoever relating to or arising out of the conduct of the Partnership Business being transferred to the [debtor], whether accrued, absolute, contingent or otherwise, and whether known or unknown, whether in existence on the date thereof or arising thereafter (the "Assumed Liabilities"), including, without limitation, the following,

. . .

\*    \*    \*    \*    \*    \*

(h) all liabilities and obligations of the Partnership arising out of any claims, actions, suits, proceedings, reparations, arbitrations, investigations, demands, assessments, judgments and settlements and costs and expenses incidental thereto resulting from or arising out of or under federal commodity future laws, federal or state securities laws, or other applicable laws, or out of any other claim, action, suit, proceeding, reparation, arbitration, investigation, demand, assessment, judgment or settlement resulting from or arising out of the Partnership Business prior to the Closing Date....

Exchange Agreement, ¶ 2.1(h), pp. 8–9, Ex. A to Trustee's Ex. A. The bankruptcy court's factual determination that there was an express assumption of the partnership's liabilities by the debtor was not clearly erroneous. Accordingly, the debtor incurred successor liability for Ms. Neumann's claim.

■ The trustee asserts that the partnership cannot enforce the Exchange Agreement because (1) the partnership breached the agreement and (2) the partnership released all of its rights to enforce the Exchange Agreement when it entered into settlement agreements with the debtor. He argues that since the partnership cannot enforce the Exchange Agreement, neither can Ms. Neumann as a third party beneficiary of that agreement. Trustee's Brf., p. 9.

[I]f a promisee enters into a contract with a promisor with the express intent that the performance contracted for is to satisfy and discharge a pre-existing duty or liability, the third-party to whom the pre-existing duty or liability is owed is a creditor beneficiary.

*Robson v. Robson,* 514 F.Supp. 99, 102 (N.D.Ill.1981) (citing 4 CORBIN ON CONTRACTS § 787). The duty or liability does not have to have a "present existence" when the contract is made. 4 CORBIN ON CONTRACTS § 787. Once the promisee and the promisor enter the contract, the third-party creditor

beneficiary has a vested right as against the promisor. *Robson v. Robson, supra,* 514 F.Supp. at 103.

[T]his right, once given, deprives the promisor of any interest or right in the subject matter of the promise, including the right to alter, rescind, or revoke it.

*Id.*

The debtor expressly assumed all the partnership's liabilities arising out of the partnership's brokerage business, including the partnership's liabilities to third parties such as customers of the partnership's brokerage business. Exchange Agreement, ¶ 2.1, pp. 8–9. Ms. Neumann's claim, which arises out of the partnership's brokerage business in 1985 and 1987, is such a liability. Ms. Neumann is a third-party creditor beneficiary of the Exchange Agreement. As such, Ms. Neumann has enforceable rights in that agreement. Even if the partnership either breached the Exchange Agreement or released its rights to enforce the Exchange Agreement, Ms. Neumann's rights cannot be disturbed. *See Continental Waste System, Inc. v. Zoso Partners,* 727 F.Supp. 1143, 1150 (N.D.Ill. 1989) (release cannot discharge duty owed to third party creditor beneficiary).[1]

### Conclusion

For the reasons set forth above, the bankruptcy court's decision permitting Ms. Neumann to assert her claim against the debtor is affirmed.

---

1. The trustee has already exercised his remedy for the partnership's alleged breach of the Exchange Agreement by suing on the contract for damages. The trustee settled this litigation and withdrew his lawsuit. The trustee's actions are inconsistent with any claim that the agreement no longer exists. *Soderberg v. Gens,* 652 F.Supp. 560, 565 (N.D.Ill.1987) (when seeking damages, one accepts the contract and sues for the loss caused). Furthermore, the trustee admits that the Exchange Agreement is not void. Tr. at p. 64.