(No. 31852.

JULIA LINDER, Appellant, *vs.* HARRY POTIER *et al.*— (ROBERT WILLIAMS *et al.*, Appellees.)

*Opinion filed May 24, 1951—Rehearing denied September 17, 1951.*

DAVID F. MATCHETT, JR., of Chicago, for appellant.

EDWIN A. HALLIGAN, MARTIN K. IRWIN, and MICHAEL K. IRWIN, all of Chicago, for appellees.

Mr. JUSTICE GUNN delivered the opinion of the court:

Appellant, Julia Linder, filed her complaint against the devisees and heirs of Nellie Morris, deceased, in the superior court of Cook County, to require the specific performance of an alleged oral contract made by the deceased to devise certain real property to the plaintiff, if she would live with the deceased and care for her during the remainder of her life.

The claim of the plaintiff is set forth by an appropriate complaint, and all controverted facts were denied in the answer, and in addition thereto the affirmative defense is made that the plaintiff is not entitled to maintain her action because it is contrary to the Statute of Frauds, because the contract is not in writing, and also because the plaintiff has an adequate remedy at law, and can be compensated for the services rendered.

The cause was referred to a master in chancery, who took and reported the testimony, and in such report recommended that the complaint be dismissed for want of equity. Objections to the master's report were overruled, as were also exceptions made before the court, and a decree was entered by the court sustaining the report of the master in chancery and dismissing the cause for want of equity. The cause comes to this court because a freehold is involved.

The facts are simple and practically undisputed. The plaintiff, Julia Linder, and the deceased, Nellie Morris, had been friends for many years. They visited each other frequently, and met each other often at clubs and at church. A sister of Mrs. Morris died in 1946, and during that year she requested the plaintiff to come and live with her, saying if she would do so she would leave her her home located at No. 3333 North Hoyne Avenue, in Chicago. Plaintiff, however, was employed in a business, and told Mrs. Morris she could not come to live with her until she had qualified for a pension, which would not accrue until sometime in the future.

The evidence shows the conversation was repeated several times, and plaintiff declined to accept the proposition of Mrs. Morris for the same reasons. Plaintiff's pension became effective September 2, 1947, and shortly thereafter she went to the home of Nellie Morris, and rendered such services as preparing meals, washing her clothes and giving her medicine, as Mrs. Morris was an invalid, but plaintiff did not surrender her apartment at No. 3261 North Clark Street, in Chicago, where she had roomers. She did not move all of her clothing or personal belongings to the home of Mrs. Morris, and in fact took rather few articles of apparel with her.

Mrs. Morris became ill in June, 1947, and remained so for three months or more. During this time another friend acted as her companion, and stayed with her until September 7, 1947, when the plaintiff arrived. Mrs. Morris was taken to a hospital September 23, 1947, and remained there until October 9, 1947, and died on November 8 of the same year. The total time during which plaintiff rendered services to the deceased was approximately fifty days. There is no specific evidence that plaintiff accepted the proposition of Mrs. Morris, other than moving there with a part of her belongings. However, during the time she was there she still maintained her lease upon her apartment on North Clark Street in Chicago.

Based upon this evidence the master in chancery found that the value of the services rendered was disproportionate to the value of the premises involved, which was stipulated to be approximately $6000, and that plaintiff made no unusual sacrifice in the rendering of her services, and had not altered her position to her damage, and that plaintiff had an adequate remedy at law, and therefore recommended that the complaint be dismissed.

The cases allowing specific performance to enforce an oral contract to will or devise property to another, in consideration of services to be rendered, are universally those

in which a gross fraud would be suffered by the promisee if specific performance were denied. Thus, in *Warren* v. *Warren*, 105 Ill. 568, probably the first case of the kind in the State, the performance of such a contract, which would take the case out of the Statute of Frauds, is stated as follows: Nothing is to be taken as part performance of a verbal contract to convey or devise land which does not put the party in a situation which is a fraud upon him unless the agreement is performed.

And, also, in *Gladville* v. *McDole*, 247 Ill. 34, which is regarded as the leading case in Illinois upon the question of enforcing verbal promises to devise property in consideration of services to be rendered, the principle is stated as follows: "The courts of equity, however, will not permit the Statute of Frauds, the only purpose of which is to prevent fraud, to be used where the effect will be to accomplish a fraud, * * * and the facts are such that it would be a virtual fraud to permit the defendant to interpose the statute, a court of equity will not listen to that defense."

The limitation placed upon this equitable rule is found in the same case, where it is held (1) that the contract must be proved by competent evidence, and be clear, definite and unequivocal in terms, and (2) that it must appear that the promisee cannot be made whole by damages, or by other adequate remedy at law. Thus, where personal services have been rendered and the limitation for bringing action therefor has not expired, their value may be estimated and fixed in an action at law, which is a fair and sufficient remedy.

The principle of these early cases has never been departed from, although different states of fact have been presented where performance was decreed by a trial court, sometimes on what appears as rather slight evidence, and sustained by us out of our reluctance to overrule a chancellor who has seen and heard the witnesses. In *Yager*

v. *Lyon,* 337 Ill. 271, we again voiced the cautionary rules applicable to this class of cases, and stated in detail the principles which would govern an action and right to recover in cases of this character. In that case we announced the following applicable principles: (1) Courts of equity accept with caution evidence offered in support of a contract to make disposition of the property of a deceased person different from that provided by law; (2) The contract to support it must be clear, explicit and convincing; (3) The contract may be based upon services, support and care, and if the value of such services may be estimated in money, or for which a recovery might be had, such performance will not take the contract out of the Statute of Frauds, except in case the statute of limitations bars recovery, or where services cannot be adequately compensated; (4) Specific performance is not a matter of right, but rests in the sound discretion of the court, to be determined from all of the facts and circumstances; (5) It is only on the principle that it is unjust and inequitable to permit a contract to remain unexecuted that a court of equity will grant relief, and where the promisee shows no substantial change for the worse in his position in consequence of the agreement, relief will be denied. All of these principles are supported in the opinion by the citation of numerous authorities.

We have analyzed the *Yager case* somewhat at length because it covers the range of equitable principles applicable to this class of actions. To the same effect, although not in the same detail, are the cases of *Flannery* v. *Woolverton,* 329 Ill. 424, and *Holsz* v. *Stephen,* 362 Ill. 527. The many cases in which specific performance has been decreed, where the Statute of Frauds was claimed to be a defense, will be found, upon examination, to come within the exceptions noted at length in the *Yager case,* including the sound principle that specific performance will not be permitted where the plaintiff has an adequate remedy at law.

Appellant urges that she has established a contract. We may concede this to be true, although the evidence of acceptance upon the part of the plaintiff is somewhat slight, but this will not aid her if she had an adequate remedy at law, or if she has not suffered a fraud by the failure of the deceased to make a will in her favor. While we can understand why the plaintiff would not wish to enter into an arrangement with Mrs. Morris while her pension rights were still unmatured, we do not understand why she would retain her apartment, and her roomers, during the time she was living in the home of Mrs. Morris, if she was quite certain that it was to be a permanent arrangement.

However, we do not base our decision upon the question of the sufficiency of the contract. It clearly appears that the plaintiff has suffered no injury for which she cannot be adequately compensated, and neither has the promise of the deceased operated to her disadvantage in any respect disclosed by the evidence. The services rendered were not arduous, and, as a matter of fact, the testimony discloses that another friend gave the care and attention to the deceased from June until September, when the deceased was very ill, and it was only when Mrs. Morris was apparently on her way to recovery that plaintiff moved to her apartment.

It is suggested in the briefs that she has lost her right to file a claim against the estate, but that does not establish her right to specific performance, for we have held that a plaintiff under similar conditions can preserve his rights by filing a claim in the probate court. (*Holsz* v. *Stephen,* 362 Ill. 527.) It should be remembered that in this class of cases the plaintiff comes before the court to enforce a contract presumptively unenforcible, made with a person whose mouth is closed by death. Specific performance is decreed as an exception to the rule at law only because the plaintiff is able to establish equitable fraud. The relief

is not granted as a matter of course upon the proving of a contract, but only when all the other elements, which make its breach a fraud which cannot be remedied by the established ordinary processes at law, have been proved.

We are unable to perceive any abuse of discretion upon the part of the trial court in refusing to specifically require the conveyance of $6000 worth of property in satisfaction of a verbal agreement, where the performance consists of some fifty days of service, not requiring unusual hardship or sacrifice.

The decree of the superior court of Cook County is affirmed.

*Decree affirmed.*