(No. 34513.—

CATHERINE POCIUS, Appellee, *v.* CHARLES J. FLECK, Public Administrator, *et al.*—(AUGUST BEHR *et al.*, Appellants.)

*Opinion filed April 21, 1958—Rehearing denied May 23, 1958.*

422

BURKE, JAMES & BURKE, of Chicago, (WALLACE WYATT, and ERNEST A. TURK, of counsel,) for appellants.

WILLIAM T. HALVORSEN, of Chicago, for appellee.

Mr. JUSTICE HERSHEY delivered the opinion of the court:

This is a direct appeal from a decree of the superior court of Cook County directing specific performance of an alleged agreement by a person, since deceased, to leave certain real and personal property to the plaintiff. The title to a freehold being involved, the cause comes to this court on appeal.

The record indicates that the plaintiff, Catherine Pocius, and Emil Ber and his wife, Ollie Ber, both now deceased, had known each other since the plaintiff was a child. In June, 1951, the Bers purchased a two story building at 6024 S. Sacramento Avenue in Chicago, and moved into it. Mrs. Pocius lived just two blocks away. In 1952, Ollie Ber became ill and was unable to care for her household duties. The plaintiff came in and helped clean and wash, and took Mrs. Ber for rides in her car. She washed the clothes, changed the linens, cleaned the roomers' quarters, and the living quarters. Ollie died in May, 1953, and thereafter the plaintiff continued to help Mr. Ber and to cook for him and the roomers.

Ber mentioned to several people that he didn't know what he would do without the plaintiff's help. Then in the fall of 1954 he became ill. In early November, 1954, he contacted Marvin D. Patterson, a real-estate and in-

surance broker, and told him that he had been unable to contact his lawyer and he wanted Patterson to come over to his home with reference to some real estate. Patterson was unable to go to the Ber home until Sunday, November 7. When he arrived the plaintiff and a roomer, John Jakstavich, were in the kitchen. He and Ber went into the living room where Ber said he wished to convey his property or see that it was presented to certain people as he wished. He said he wanted to give the plaintiff, Catherine Pocius, the building at 6024 S. Sacramento with all the furnishings plus three cemetery lots, as she had been very good to his wife and had helped him with housework and various things. Patterson made a warranty deed in blank, bill of sale, a quitclaim deed for a tavern which was to go to some other people, and a power of attorney. Ber had Patterson read the power of attorney directing and empowering Patterson to convey the Sacramento Avenue building and cemetery lots to Catherine Pocius and then signed it. He called in Mrs. Pocius and asked if she understood what he was doing, and had her sign the document next to his signature. He gave Patterson $20 and told him to record the deeds. Patterson, feeling no need for urgency, left the papers in a folder on his office desk and left next day for Kalamazoo, Michigan. He returned on November 23. Emil Ber, who had entered the hospital, died on November 24. The deeds and bill of sale were never executed.

The evidence shows that Mrs. Pocius entered into possession of the property sometime after November 7, 1954, when Ber went to the hospital. The record does not indicate the exact date, but John Jakstavich, a roomer in the Ber home, testified she took over the flat when he went to the hospital, and that she moved in after he died.

On January 21, 1955, Charles J. Fleck, as Public Administrator, was appointed administrator of the estate of

Emil Ber. On May 2, 1955, plaintiff received notice that the administrator was presenting a petition to the probate court for leave to sell personal property, which property Emil Ber had arranged to give to plaintiff.

Plaintiff then filed her suit in the superior court of Cook County, against Fleck and the unknown heirs. She prayed that the court decree a valid and subsisting contract between the Bers and herself, that the contract be performed clear of all claims by defendants, and that an injunction issue restraining the administrator from interfering with any of the property. The administrator filed a motion to strike, which was denied. Upon answer by the administrator and a hearing, a finding was made in favor of plaintiff. Before decree was entered the defendants, the brothers of Emil Ber, moved to reopen the cause, and that they be allowed to answer and defend, which motion was allowed. Defendants adopted the answer of the administrator except that they denied that plaintiff ever took over possession of the property at 6024 S. Sacramento Avenue. Upon hearing, a decree was entered finding a valid agreement between plaintiff and Emil Ber, that Emil Ber did give plaintiff the real and personal property, household goods and effects located at 6024 S. Sacramento Avenue, the three cemetery lots, and that plaintiff was entitled to specific performance.

Defendants appeal directly to this court asserting that (1) plaintiff failed to prove a contract, (2) that specific performance should be denied, and (3) no gift was made to plaintiff by Emil Ber.

Plaintiff first appears to ask for specific performance of an oral contract to convey the property, or possibly of a written memorandum constituting a contract. She thereafter appears to base her claim upon an executed gift of all of the disputed property from Emil Ber to her.

To entitle a plaintiff to specific performance of an oral contract or verbal promise, the promise or contract must

be clear, explicit and convincing. It may be based upon services, but if the value of services may be estimated in money for which a recovery might be had, such performance will not take the contract out of the Statute of Frauds, except in case the Statute of Limitations bars recovery, or where services cannot be adequately compensated. Specific performance is not a matter of right, but rests in the sound discretion of the court, to be determined from all of the facts and circumstances. Only on the principle that it is unjust and inequitable to permit a contract to remain unexecuted will a court of equity grant relief, and where the promisee shows no substantial change for the worse in his position, in consequence of the agreement, relief will be denied. (*Linder* v. *Potier*, 409 Ill. 407.) Oral contracts to devise real estate or personal property are enforced in equity in certain cases to furnish more complete and fuller justice than afforded by law. The remedy is allowed where the contract has been fully performed by one party, but performance must be such that if the remedy is withheld it would be a fraud upon the promisee if not carried out. The services of the promisee must be referable to the contract alone and the promisee must have changed position for the worse. (*Tess* v. *Radley*, 412 Ill. 405.) If performance and possession are relied upon to establish the contract and remove it from the application of the Statute of Frauds, the proof must be clear and convincing that the promisee went into possession under the contract and made valuable improvements upon the property with his own means and upon the faith of the promise and with the knowledge of the promisor. *Stephens* v. *Collison*, 313 Ill. 365.

The proof in this case fails to establish a clear, explicit and convincing oral contract. Nothing indicates that plaintiff changed her position for the worse, or even changed her position in reliance upon the contract. Plaintiff's services were not the consideration for the contract, as they

are not referable to the contract, but were performed before any promise is alleged. It is disputed whether plaintiff actually went into possession. Certainly she did not make valuable improvements thereon. Clearly no oral contract is proved upon which specific performance may be had. The denial of such remedy works no fraud or inequity upon the plaintiff.

Plaintiff raises the possibility that the power of attorney setting out the directions to Patterson and signed by Emil Ber and the plaintiff, constitutes a written contract upon which specific performance may be based. To decree specific performance of a written contract for the conveyance of real estate the contract must be definite and certain in its terms and conditions, contain the names of the vendor and vendee, a description of the property sufficient to identify it, the price, the terms and conditions of sale, together with the signatures of the parties to be charged. (*Hanlon* v. *Hayes,* 404 Ill. 362.) The said power of attorney contains no price or consideration and fails completely, therefore, to constitute a written memorandum, agreement, or contract upon which specific performance may be decreed.

We are thus brought to the final, and most important point upon which plaintiff chooses to rely: that the transaction on November 7, 1954, when the power of attorney and the blank instruments were signed by Emil Ber, constituted a gift *inter vivos* of the said real and personal property to Mrs. Pocius in the giver's lifetime, immediate and irrevocable.

The burden of proof rests upon the donee to prove all the facts essential to a valid gift. To constitute a valid gift, it is essential to prove the delivery of the property by the donor to the donee, with the intent to pass the title to the donee absolutely and irrevocably, and the donor must relinquish all present and future dominion and power over the subject matter of the gift. (*In re Estate of Jarmuth,*

428

329 Ill. App. 619; *Estate of Williams* v. *Tuch,* 313 Ill. App. 230; *In re Estate of Waggoner,* 5 Ill. App.2d 130.) The gift must be completed and executed in the lifetime of the donor, and if not so completed during his lifetime, his death revokes the part which has been performed. (*In re Estate of Carlin,* 5 Ill. App.2d 241; *In re Estate of Waggoner,* 5 Ill.App.2d 130.) Mere possession by one claiming a gift, after the death of the donor, is insufficient to prove a valid gift, (*In re Estate of Jarmuth,* 329 Ill. App. 619,) and gifts first asserted after the death of the donor are regarded with suspicion. *Estate of Williams* v. *Tuch,* 313 Ill. App. 230.

Delivery may be made to a third person, but if the third person is the agent of the donor the gift is not complete, and the death of the donor before delivery to the donee works a revocation of the gift. Delivery to a third person as agent of the donee is an irrevocable gift, which is unaffected by the death of the donor before the property comes into the hands of the donee. However, the person to whom delivery is made is presumed, in the absence of a contrary showing, to be the agent of the donor. *In re Estate of Waggoner,* 5 Ill. App.2d 130; *Chicago Savings Bank & Trust Co.* v. *Cohn,* 197 Ill. App. 326.

The general rule is that a parol gift of land is invalid and is ineffectual to pass title to the donee; and this is true even where the gift is accompanied by possession, unless such possession is adverse as against the donor and continues without interruption for the statutory period, unless after taking possession the donee makes permanent and valuable improvements, or unless such other facts exist as would make it a fraud on the donee not to enforce the gift. (38 C.J.S. 843, Gift, sec. 57.) Possession alone is insufficient to support a parol gift of real estate, unless the donee was induced to change his or her position as a result of the alleged gift, or made valuable or lasting improve-

ments thereon. Some equitable circumstances must appear which require recognition or enforcement of the alleged gift. (*Hill* v. *Bowen,* 8 Ill.2d 527.) Otherwise, to constitute a valid gift *inter vivos,* possession and title must pass to and vest in the donee. If anything remains to be done to complete the gift, what so remains to be done cannot be enforced, and when the gift is incomplete, it may be revoked. Where the alleged gift is of a legal estate capable of legal conveyance, and no conveyance is made, the gift is revocable. (*Geer* v. *Goudy,* 174 Ill. 514.) A deed, to operate to transfer title to land, must be delivered. *Herrin* v. *McCarthy,* 339 Ill. 530.

If plaintiff relies on a gift of the real estate by parol, even conceding that she entered into possession, such possession could not be adverse for the statutory period, for Emil Ber died on November 24, 1954. Nothing in this record indicates that the donee made any permanent or valuable improvements to the real estate, nor do any facts or circumstances appear which render it inequitable for the court to fail to recognize the gift.

There is some evidence in the record that plaintiff obtained and assumed the bare possession of the property at 6024 S. Sacramento Avenue, together with the furnishings and everything contained therein, shortly after the transaction of November 7, 1954, but no exact date is established by the evidence. On November 8, 1954, Emil Ber entered the hospital where he died on November 24, 1954. The power of attorney directed Patterson to "convey property and all personal items to one Catherine Pocius" among other things. John Jakstavich testified that plaintiff took over and collected the rents, as Emil Ber told her, as soon as he went to the hospital. Patterson testified plaintiff went into possession after the 7th, and that she was supposed to maintain the house and keep it up as Ollie and Emil did. The properties were never conveyed by Patterson, and the

so-called possession and acts of plaintiff after November 7, 1954, are as consistent with a continued helpful service at Ber's request, as with a gift. Nothing indicates that plaintiff actually moved into the premises before Emil Ber's death by virtue of any contract or gift. There is no indication that Emil Ber gave away his personal property, never intending to possess and enjoy it again, should he return from the hospital. In fact there is no indication that Emil Ber had any doubt that he would return from the hospital. One of the witnesses for the plaintiff, John Jakstavich, who had been a roomer with the Bers since 1951, testified that after Ber went to the hospital Mrs. Pocius took over the flat and moved in after his death. He was unable to fix a date for this occurrence. This same witness also testified that at the time Ber went to the hospital he had been assured by the doctor that his illness was nothing to worry about and the operation could not be fatal. Said witness also stated that Ber expected to return to his home.

This evidence, which is not disputed in the record, negates that there was an absolute and irrevocable delivery of either the personal or real property with intent to pass title and a relinquishment of all present and future dominion over the said property. Possession alone, if in fact there was possession in this case, is insufficient to prove the gift.

If plaintiff relies upon the delivery of the power of attorney and the blank instruments, as constituting the gift, the alleged gift of the real and personal property likewise fails. It does not appear that Patterson was the agent of the donee. He is thus presumed to be the agent of the donor. The deeds and other instruments were incomplete at the date of the death of the alleged donor, hence revocable, and were revoked by said death as undelivered and incomplete.

Plaintiff has thus failed to meet her burden, and the alleged gifts fail.

The decree of the superior court of Cook County is therefore reversed.

*Decree reversed.*