ROBERT FLANNERY, Plaintiff-Appellant, *v.* MARATHON OIL COMPANY, Defendant-Appellee.

First District (1st Division)    No. 78-2118

Opinion filed August 27, 1979.

James P. Hilliard, of Chicago, for appellant.

Rooks, Pitts, Fullagar and Poust, of Chicago (Leland W. Hutchinson, Jr., of counsel), for appellee.

Mr. PRESIDING JUSTICE GOLDBERG delivered the opinion of the court:

This appeal taken by Robert Flannery (plaintiff) from an order dismissing his complaint for specific performance against Marathon Oil Company (defendant) brings before us two technical problems and an issue on the merits. We will dispose of these matters in order.

I.

On May 25, 1978, plaintiff filed his notice of appeal. The complete record was therefore due to be filed in this court on July 27, 1978. (58 Ill. 2d R. 326.) On December 19, 1978, plaintiff filed a short record and a motion to extend the time for filing the complete record to and including January 15, 1979. Defendant filed objections to this motion and a cross-motion to dismiss the appeal, not based upon tardiness in filing the complete record or in presenting the motion, but entirely upon the failure of plaintiff to present and file a report of proceedings pursuant to Rule 323. This court allowed the motion for leave to file the record which was accordingly done. We took with the case the defendant's motion to dismiss the appeal. On January 22, 1979, defendant filed a second motion to dismiss the appeal based upon the same ground and citing *Ladenheim v. McCormick* (1978), 66 Ill. App. 3d 188, 383 N.E.2d 751. This court took the additional motion with the case.

The case before us was decided by the trial court and plaintiff's complaint dismissed pursuant to a motion filed by defendant under section 48 of the Civil Practice Act. (Ill. Rev. Stat. 1977, ch. 110, par. 48.) No evidence was heard by the trial court. The praecipe for record did not specify a report of proceedings.

█▌ In our opinion, in a situation of this type, where the trial court has proceeded without the taking of evidence and on the basis of pleadings

and affidavits only, questions of law are presented "which may be reviewed by this court in the absence of a report of proceedings." (*Abbey Plumbing & Heating, Inc. v. Brown* (1977), 47 Ill. App. 3d 719, 722, 365 N.E.2d 115, *appeal denied* (1977), 66 Ill. 2d 628.) In *Ladenheim*, cited and relied upon by plaintiff, testimony of various witnesses was presented to the trial court. (66 Ill. App. 3d 188, 189.) It is accordingly ordered that the motion and additional motion of defendant to dismiss this appeal for want of a report of proceedings are denied.

## II.

After hearing by the trial court, a final order dismissing plaintiff's complaint with prejudice was entered on February 9, 1978. On March 1, 1978, plaintiff filed a motion to vacate the previous order and for leave to file an amended complaint. By order entered March 14, 1978, the trial court directed that this motion to vacate be considered as a motion to reconsider the previous order. (Ill. Rev. Stat. 1977, ch. 110, par. 68.3(1).) By order entered April 27, 1978, the trial court denied plaintiff's motions to reconsider and for leave to file an amended complaint.

■■ In its brief in this court, defendant urges that we have no jurisdiction to decide this appeal because plaintiff has attempted to appeal not from the final order of February 9, 1978, but from the order of April 27, 1978, which is not final and appealable. Therefore, defendant contends that "plaintiff has clearly attempted to appeal from the wrong order * * *." We disagree. It is basic and fundamental that the filing of the motion for rehearing, retrial, modification or to vacate the final judgment within the statutory time stays execution and the notice of appeal may be filed within the proper time after disposition of the statutory motion. (Ill. Rev. Stat. 1977, ch. 110, par. 68.3; see *Fultz v. Haugan* (1971), 49 Ill. 2d 131, 135, 273 N.E.2d 403; *Petersen Bros. Plastics, Inc. v. Ullo* (1978), 57 Ill. App. 3d 625, 629, 373 N.E.2d 416, *appeal denied* (1978), 71 Ill. 2d 614.) Defendant's motion to dismiss the appeal for this reason is denied.

## III.

On the merits of the situation the record shows that plaintiff negotiated with Joseph Mulrooney, an employee of defendant and its real estate representative, for the purpose of effecting a possible purchase of a parcel of real estate owned by defendant. Plaintiff's complaint alleges, "It was agreed among the parties that Plaintiff would purchase said property" at a price of $110,000 with $5000 down and the balance to be paid upon closing. On July 21, 1977, Mulrooney sent plaintiff a letter on defendant's letterhead enclosing a written offer to purchase with the request that this be completed and returned together with plaintiff's check

for $5000. The offer to purchase is a lengthy document containing a number of provisions which need not be detailed here. It is undisputed that plaintiff signed this offer and forwarded it to Mulrooney with plaintiff's check for $5000.

On September 15, 1977, Mulrooney wrote to plaintiff on defendant's letterhead. This letter received by plaintiff returned the check and the signed offer to purchase. It stated that defendant had rejected the proposal but was engaged in other negotiations and expressed regrets by Mr. Mulrooney. Plaintiff's complaint sought specific performance of the alleged contract between the parties for sale of the real estate to plaintiff.

Defendant's motion to dismiss under section 48 of the Civil Practice Act averred that the offer to purchase provided for signed acceptance by defendant and that defendant had never signed the offer but had in fact rejected it. The motion cited the statute of frauds requiring signature in writing of a contract for sale of lands. (Ill. Rev. Stat. 1977, ch. 59, par. 2.) The motion also averred that Mr. Mulrooney was authorized only to solicit offers to purchase real estate owned by defendant. He had no authority to make or accept an offer to purchase. Appended to the motion is an affidavit by Leon Marlow, district manager for defendant, stating that Mulrooney was authorized only to invite offers to purchase and that he had no authority to bind defendant or to accept offers in its behalf.

Plaintiff's motion to vacate filed March 1, 1978, prayed that the order of dismissal be vacated and that plaintiff be permitted to file an amended complaint making Joseph Mulrooney an additional defendant. The motion also averred that a motion to dismiss for lack of legal capacity of an agent was not specifically designated as a cause for dismissal under section 48 of the Civil Practice Act.

In this court, plaintiff urges the trial court erred in denying plaintiff's motion to vacate because defendant had not established by clear and convincing evidence that his cause of action was barred by the statute of frauds and the trial court erred in denying the motion for leave to file a first amended complaint and to add a party defendant. Defendant responds that denial of the motion for leave to amend was addressed to the discretion of the trial court and it appears of record that no amendment could reflect a valid contract between these parties.

In our opinion, the crucial point here is that the written offer to purchase was never signed by defendant as the party to be charged or by any person lawfully authorized by the defendant. It follows that the contract here involved comes squarely within the prohibition of the statute of frauds which requires that contracts for the sale of lands "shall be in writing, and signed by the party to be charged therewith, or some

other person thereunto by him lawfully authorized in writing, signed by such party." (Ill. Rev. Stat. 1977, ch. 59, par. 2.) In the case before us the issue of the authority of Joseph Mulrooney is immaterial because the record fails completely to indicate that he ever received a written authorization signed by defendant authorizing him to act for defendant in this regard. In addition, it is undisputed that Mulrooney, himself, never signed the contract.

■ It follows necessarily that the offer to sell the property never ripened into an enforceable contract and never became binding upon defendant so that specific performance was properly denied by the trial judge. *Dineff v. Wernecke* (1963), 27 Ill. 2d 476, 190 N.E.2d 308; *Uscian v. Blacconeri* (1975), 35 Ill. App. 3d 80, 83, 340 N.E.2d 618, *appeal denied* (1976), 62 Ill. 2d 592. See also 20 Ill. L. & Prac. Statute of Frauds §75 (1956).

■■ So far as the record indicates, plaintiff made no request for leave to amend the complaint from the entry of the final order of dismissal on February 9, 1978, to the filing of the motion to vacate by plaintiff on March 1, 1978. It is fair to say that plaintiff made no motion to amend at any time prior to final disposition by dismissal of the suit with prejudice. Thus, the Civil Practice Act pertaining to amendments before final judgment is not directly applicable to the situation here. (Ill. Rev. Stat. 1977, ch. 110, par. 46(1).) The Civil Practice Act refers to amendment of pleadings "before or after judgment, to conform the pleadings to the proofs, * * *." (Ill. Rev. Stat. 1977, ch. 110, par. 46(3).) It follows that plaintiff here had no absolute right to amend the dismissed complaint. (See *First National Bank v. City of Aurora* (1978), 71 Ill. 2d 1, 8, 373 N.E.2d 1326, citing *Fultz*, 49 Ill. 2d 131, 136.) At best the granting of this right was a matter within the discretion of the trial court.

■ In the case before us no proposed amendment or amended complaint was ever tendered to the trial court by the plaintiff. No such documents appear in the record before us. The trial court was therefore completely in the dark as to precisely what type of amendment plaintiff could possibly tender. Consequently, since no proposed amendment was ever tendered, the trial court did not err and did not abuse its discretion in denying plaintiff's general request for leave to amend. (*City of West Chicago v. Clark* (1978), 58 Ill. App. 3d 847, 856, 374 N.E.2d 1277.) As aptly stated by this court in a similar situation, this court can well presume that "plaintiff's second attempt to state a cause of action would be no more successful than his first." *Hassiepen v. Marcin* (1974), 22 Ill. App. 3d 433, 436, 318 N.E.2d 162.

■ Although both parties to this appeal have requested oral argument, in our opinion, argument is not necessary to a proper decision of the issues in the within appeal since no substantial question is presented. We therefore have disposed of this appeal without oral argument under Supreme Court

Rule 352(a). (Ill. Rev. Stat. 1977, ch. 110A, par. 352(a).) The judgment appealed from is affirmed.

Judgment affirmed.

O'CONNOR and CAMPBELL, JJ., concur.