*In re* ESTATE OF ESTHER M. NELSON, Deceased.—(ROSALIE KIRSCHNER, Plaintiff and Petitioner-Appellant, *v.* DROVERS BANK OF CHICAGO, Adm'r of the Estate of Esther M. Nelson, *et al.*, Defendants and Respondents-Appellees.)

First District (1st Division)    No. 80-2794

Opinion filed December 28, 1981.

Barry A. Feinberg and William J. O'Connor, both of Chuhak, Tecson, Kienlen and Feinberg, of Chicago, for appellant.

Stephen J. Schlegel, of Schlegel & Trafelet, Ltd., of Chicago, for appellees.

JUSTICE McGLOON delivered the opinion of the court:

Plaintiff brought an action for specific performance of an oral agreement to make a will. The trial court granted summary judgment in favor of defendants.

The sole issue in this appeal is whether the trial court erred in granting defendant's motion for summary judgment.

We affirm.

Esther Nelson died intestate on July 13, 1979. Drovers Bank of Chicago (defendant) was appointed administrator of her estate. Rosalie Kirschner (plaintiff) claims that before Nelson died, she promised to write a will devising a parcel of real estate at 3531 S. Hoyne Avenue (Hoyne Avenue property) in Chicago to plaintiff.

Nelson did in fact retain an attorney for the purpose of preparing a will. Although a will was prepared, it was unexecuted at the time of Nelson's death. The unexecuted will provided in pertinent part: "I devise and bequeath my entire residual estate, real and personal, wherever located to my dear friend, Dr. Rosalie Kirschner." Further, it provided: "It is my intention to eventually sell my real estate where I presently reside [at 3531 S. Hoyne Avenue] and to live part of the year in California and part of the year in Michigan."

In the complaint, plaintiff alleged that Nelson orally agreed to make a will devising the Hoyne Avenue property to her in consideration of providing food, shelter and care for Nelson while she was suffering from illness. Further, she alleged that Nelson's attorney prepared a will devising the Hoyne Avenue property to plaintiff, but that Nelson died prior to signing the document. In her prayer for relief, plaintiff requested the court to declare that an oral agreement did exist and that Nelson breached that agreement.

Defendant filed a motion for summary judgment. The trial court granted defendant's motion and plaintiff appeals.

The sole issue for our consideration is whether the trial court erred in granting defendant's motion for summary judgment. The statute pertaining to motions for summary judgment provides that such motions should be allowed where the pleadings, depositions and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. (Ill. Rev. Stat. 1979, ch. 110, par. 57(3).) In determining whether a genuine issue exists, the court must construe the pleadings, depositions and affidavits most strictly against the movant and in favor of the opponent. *Baier v. State Farm Insurance Co.* (1975), 28 Ill. App. 3d 917, 920, 329 N.E.2d 543, *aff'd* (1977), 66 Ill. 2d 119, 361 N.E.2d 1100.

Plaintiff argues that a genuine issue of material fact remains as to whether Nelson orally agreed to make a will devising the Hoyne Avenue

property to her in consideration of her providing food, shelter and care for Nelson. The evidence in support of plaintiff's position consists of plaintiff's own testimony and the affidavits of Gilbert Purze and Anna Speik.

Plaintiff testified that in April 1977, Nelson said to her "* * * if you take care of everything for me, then * * * I want you to have whatever is left after that time, so that I'll know everything is being taken care of * * *." Plaintiff claims that she replied "* * * I will take care of all your needs * * *." Decedent allegedly responded, "I want you to have the building and I will leave you whatever is left over." In his affidavit, Gilbert Purze stated that he was present during a conversation between Nelson and plaintiff. In that conversation, Nelson declared that she would leave her entire estate, including the Hoyne Avenue property, to plaintiff. In her affidavit, Anna Speik stated that Nelson told her that all of her (Nelson's) needs would be handled for the rest of her life and upon her death her building and estate would be left to plaintiff.

■■ It is well established that an oral contract to make a will, supported by valuable consideration, can be valid and enforceable. (See *Moreen v. Estate of Carlson* (1937), 365 Ill. 482, 6 N.E.2d 871; *In re Estate of Kucharski* (1971), 3 Ill. App. 3d 32, 278 N.E.2d 221.) Evidence in support of such a contract, however, must be clear, explicit and convincing. (*Greenwood v. Commercial National Bank* (1955), 7 Ill. 2d 436, 440, 130 N.E.2d 753; *Linder v. Potier* (1951), 409 Ill. 407, 410, 100 N.E.2d 602; *In re Estate of Kucharski* (1971), 3 Ill. App. 3d 32, 36.) Mere expressions of testamentary intent are insufficient to establish an oral contract to will or devise property to another. *Greenwood v. Commercial National Bank* (1955), 7 Ill. 2d 436, 441; *In re Estate of Kucharski* (1971), 3 Ill. App. 3d 32, 36.

It is fairly clear that Nelson did in fact state her intention to bequeath something to plaintiff. It is also fairly clear that plaintiff was willing to care for Nelson. The terms of the alleged "contract," however, were extremely vague. The evidence presented by plaintiff in support of her contention falls far short of being "clear, explicit and convincing."

Furthermore, we cannot ignore the terms of the unexecuted will and the affidavit of Nelson's attorney, which indicates that Nelson had other plans for disposing of the Hoyne Avenue property. The unexecuted will, which was offered by defendant and adopted by plaintiff as part of the record, indicates that Nelson intended to sell her home. It specifically stated: "My intention is to sell my real estate where I presently reside." The affidavit of Nelson's attorney also indicates that in July of 1979, Nelson told him that she intended to sell her home.

■■ Even when all of the evidence is considered in the light most favor-

able to plaintiff, it cannot be said that a genuine issue exists as to whether there was an oral contract. Thus, summary judgment was proper.

For the foregoing reasons, we affirm the judgment of the circuit court of Cook County.

Judgment affirmed.

CAMPBELL, P. J., and O'CONNOR, J., concur.