ANTHONY INTINI III *et al.*, Plaintiffs-Appellants, *v.* ANN MARINO, Defendant-Appellee.

First District (5th Division)   No. 81—2150

Opinion filed January 28, 1983.

Intini and Associates, of Chicago (Anthony Intini, III, and Benjamin Di-

Giacomo, of counsel), for appellants.

Ordower & Ordower, P.C., of Chicago, for appellee.

JUSTICE LORENZ delivered the opinion of the court:

Plaintiffs' second amended complaint for damages and for specific performance of a contract for the sale of real estate was dismissed with prejudice. They appeal from the order of dismissal and present as the only issue whether the second amended complaint alleged the existence of a valid contract and thereby stated a cause of action for specific performance.

The hearings on defendant's motion to strike and dismiss the second amended complaint adduced the following:

On December 1, 1979, defendant entered into a written agreement with the House of Realty, Inc., a corporation authorizing it or its agents, servants and employees to sell her residence at 6360 Indian Road, Chicago.

After Sandi Goldsher, a broker with the House of Realty, Inc., informed them that Benjamin Ordower, an attorney, had authority to enter into a real estate sales contract on defendant's behalf, and that plaintiffs should submit their offer to Ordower, plaintiffs on May 14, 1980, submitted a second signed offer to purchase to him. When Ordower met with Anthony Intini on May 16, 1980, he confirmed his authority to contract on behalf of the defendant.

They discussed the offer and when Ordower changed the terms of the May 14, 1980, offer by: (a) increasing the purchase price; (b) changing the date of possession and closing date; and (c) changing the terms of the mortgage payments, Ordower agreed to draft an appropriate document memorializing the changed terms of plaintiffs submitted second offer because "he had crossed out and initialled changes in the signed [real estate] contract [sic] of May 14, 1980."

Upon receipt by plaintiffs of Ordower's new proposed agreement on May 23, 1980, they noted that Ordower had incorporated changes differing from previous offers, including *inter alia*, a provision calling for a $5,000 earnest money deposit to be made within five days. Ordower's proposal was unsigned and undated. Later that day when Anthony Intini called Ordower to discuss the "minor discrepancies" in his proposal, including the earnest money deposit, he was informed by Ordower's son and partner, Larry, that Ordower was out of town.

Thereafter, plaintiffs sold their own residence, arranged to surrender possession to their purchaser on or about June 30, 1980, retained professional movers, and entered into contracts for the purchase of

furniture for their new home and when Anthony Intini spoke to Salvatore Marino, defendant's son, Salvatore indicated that everything was satisfactory and that the closing date would be delayed until Ordower's return.

However, after plaintiffs learned on June 7, 1980, that defendant had entered into a real estate contract to sell the subject property to a third party through Ordower and the House of Realty, Inc., and that on or about May 26, 1980, Goldsher had been instructed by Larry Ordower to accept a real estate contract from the third party who had since moved into the property and been given clear title by the defendant Anthony Intini. Anthony Intini filed his verified complaint for specific performance on June 12, 1981. He subsequently amended it to include his wife Kathleen as a party plaintiff. Later after various pleadings were filed, plaintiffs filed their second amended complaint. Defendant's motion to dismiss this complaint stating, *inter alia*, that "the alleged contract upon which [the] complaint is based was an unwritten contract" in violation of the Statute of Frauds (Ill. Rev. Stat. 1975, ch. 59, par. 2) was granted with prejudice on July 31, 1981 and this appeal followed.

OPINION

■ Specific performance is an equitable remedy in which the court orders a party to perform his contractual obligations. (*Powell v. Huey* (1908), 145 Ill. App. 477, *aff'd* (1909), 241 Ill. 132, 89 N.E. 299.) But the courts will not order specific performance of an agreement for the sale of real estate unless there is a valid, binding, complete, and definite contract which includes the names of the vendors and vendees, an adequate description of the property and the terms of the sale. *Joseph v. Evans* (1930), 338 Ill. 11, 170 N.E. 10; *Bliss v. Rhodes* (1978), 66 Ill. App. 3d 895, 384 N.E.2d 512; *McDaniel v. Silvernail* (1976), 37 Ill. App. 3d 884, 346 N.E.2d 382; *Pocius v. Fleck* (1958), 13 Ill. 2d 420, 150 N.E.2d 106.

Thus, it is clear that plaintiffs must allege the existence of a valid and enforceable written or oral contract before the remedy of specific performance may be granted.

Initially, we consider whether plaintiffs have alleged the existence of a written contract. Ordinarily, if the clear intent of the parties is that neither will be legally bound until the execution and delivery of a formal agreement, then no contract comes into existence until such execution and delivery. Restatement (Second) of Contracts, Explanatory Notes sec. 27, comments *a* and *b*, at 78-79 (1979); *Brunette v.*

*Vulcan Materials Co.* (1970), 119 Ill. App. 2d 390, 256 N.E.2d 44.

This legal principle is applied even more strongly to contracts for the sale of land. The Statute of Frauds[1] requires that a contract to convey land be evidenced by a writing signed either by the parties to be charged (*Uscian v. Blacconeri* (1975), 35 Ill. App. 3d 80, 340 N.E.2d 618) or by some other person lawfully authorized in writing by the party to be charged. Ill. Rev. Stat. 1979, ch. 59, par. 2.

We considered a similar issue in *Flannery v. Marathon Oil Co.* (1979), 75 Ill. App. 3d 690, 394 N.E.2d 706. There, the plaintiff signed a written offer to purchase real estate and mailed it to defendant's agent and real estate representative with a check for $5,000. Subsequently, defendant's agent returned both the check and the signed offer to plaintiff. Plaintiff's complaint sought specific performance of the alleged contract between the parties for sale of the real estate.

Finding "the crucial point [to be] that the written offer to purchase was never signed by defendant as the party to be charged or by any person lawfully authorized by defendant," the *Flannery* court held that the offer never ripened into an enforceable contract and never became binding upon defendant so that specific performance was properly denied by the trial judge. *Flannery v. Marathon Oil Co.* (1979), 75 Ill. App. 3d 690, 693-94, 394 N.E.2d 706, 709.

In the present case, an examination of the record shows that, as in *Flannery*, no contract was ever signed by the parties to be charged. The only signed instrument apparent of record is the May 14 offer to purchase which was submitted and signed by plaintiffs alone.

In addition, the issue of Ordower's authority is immaterial because the record fails completely to allege that he ever received a written authorization signed by defendant which authorized him to act for defendant in this regard, or that Ordower himself ever signed a contract. Therefore, we find that plaintiffs have failed to allege the existence of a written contract between the parties to be charged.

Next we consider whether plaintiffs have pleaded sufficient facts to establish the existence of an oral contract.

Generally, an oral contract to transfer real estate is unenforceable under the Statute of Frauds (Ill. Rev. Stat. 1979, ch. 59, par. 2; *Hubbard v. Schumaker* (1980), 82 Ill. App. 3d 476, 402 N.E.2d 857) al-

---

[1]The Statute of Frauds (Ill. Rev. Stat. 1975, ch. 59, par. 2) provides in pertinent part: "No action shall be brought to charge any person upon any contract for the sale of lands *** unless such contract or some memorandum or note thereof shall be in writing, and signed by the party to be charged therewith, or some other person thereunto by him lawfully authorized in writing, signed by such party. ***"

though they have been enforced in equity in certain cases to furnish more complete and fuller justice than afforded by law. The remedy is allowed where the contract has been fully performed by one party, but performance must be such that if the remedy is withheld it would be a fraud upon the promisee if not carried out. *Pocius v. Fleck* (1958), 13 Ill. 2d 420, 150 N.E.2d 106.

■ The test for specific performance of an oral contract was set forth in *Blaise v. Stein* (1979), 75 Ill. App. 3d 793, 394 N.E.2d 836. There, the court stated that: "Before a court may exercise that discretion in favor of granting the remedy in the case of an oral contract which would normally be unenforceable under the Statute of Frauds, the court must find that the terms of the contract are clear, definite, and unequivocal [citations], that the contract has been at least partially performed by the party seeking the remedy [citations] and that the acts allegedly done in performance are positively attributable exclusively to the contract [citations]." *Blaise v. Stein* (1979), 75 Ill. App. 3d 793, 796, 394 N.E.2d 836, 839.

In the present case with these principles in mind, it is clear that when we review the allegations presented in plaintiffs' second amended complaint, we do not find that the essential "meeting of the minds" necessary for the formation of a contract was established by Intini.

■ It is clear that the earnest money deposit of $5,000 remained an issue between the parties, and that no check, deposit, or consideration of any form was alleged to have exchanged hands. Nor was there any acceptance of the changed terms of the proffered offers of either plaintiffs or Ordower. Consequently, we do not find that plaintiffs have sufficiently alleged an oral contract whose terms were clear, definite and unequivocal.

■ Moreover, we find that plaintiffs' allegations of "partial performance" of the oral contract which would remove it from the prohibition of the Statute of Frauds (Ill. Rev. Stat. 1975, ch. 59, par. 2) consist of the acts of selling their own residence and entering into contracts for relocating and furnishing the new residence. While arguably contingent upon a successful resolution of a real estate sales contract between the parties, none of these actions were required by the actual offer to purchase real estate itself. Thus, plaintiffs' argument that they set forth facts sufficient to establish an oral contract must likewise fail.

Accordingly, we find that the trial court properly dismissed plaintiff's complaint for specific performance for failure to state a cause of action.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

WILSON, P.J., and MEJDA, J., concur.