628 N.E.2d 833 (1993)
Bernard BARASCH, Plaintiff-Appellant,
v.
Alvin BARASCH and Alvin Barasch, Administrator of the Estate of Philip J. Barasch, Deceased, and Cosmopolitan Bank and Trust, as Trustee under Trust Nos. 4942, 6639, and 21891, Defendants-Appellees.
No. 1-91-3713.
Appellate Court of Illinois, First District, Sixth Division.
December 23, 1993.
Supplemental Opinion on Denial of Rehearing February 4, 1994.
Barry M. Rosenbloom, Rosenbloom & Rosenbloom, Ltd., Chicago, for plaintiff-appellant.
Lawrence W. Weinstock, Park Ridge, for defendants-appellees.
*834 Justice EGAN delivered the opinion of the court:
This is a case involving an Illinois land trust and is of first impression. The issue is whether the direction of a beneficiary of a land trust to the trustee survives the death of the beneficiary if the direction was not delivered to the trustee before the death of the beneficiary. The trial judge held that it did not. The plaintiff, Bernard Barasch (Bernard), appeals from a summary judgment entered in favor of the defendant, Alvin Barasch (Alvin), the administrator of the estate of Philip Barasch (Philip). Bernard and Alvin are Philip's sons.
Philip held various parcels of real estate in three land trusts. The trustee was Cosmopolitan National Bank of Chicago (Cosmopolitan). Two land trusts together contained a total of ten parcels. Philip was the sole beneficiary. Bernard and Alvin were the successor beneficiaries. In the third land trust, which contained one parcel, the named beneficiary was Philip; there was no successor beneficiary.
All three trust agreements between Cosmopolitan and Philip provided that Cosmopolitan was the trustee who was "named a Grantee in a Deed of Conveyance" and that Cosmopolitan would hold title; "that the interest of any beneficiary hereunder shall consist solely of a power of direction to deal with title to said real estate and to manage and control said real estate"; that the beneficiary could receive the proceeds from rentals and from mortgages, sales or other dispositions of the real estate; that such right would be "deemed to be personal property" which might be assigned and transferred; and that:
"in case of the death of any beneficiary hereunder during the existence of this trust, his or her right and interest hereunder shall, except as herein otherwise specifically provided, pass to his or her executor or administrator, and not to his or her heirs of law; and that no beneficiary now has, and that no beneficiary hereunder at any time shall have the right, title or interest in or to any portion of said real estate as such, either legal or equitable, but only an interest in the earnings, avails and proceeds as aforesaid."
The agreement further provided that Cosmopolitan would deal with the property only when authorized to do so in writing and at the written direction of Philip or "on the written direction of such other person or persons as may be beneficiary or beneficiaries at the time."
The last of the trust agreements was made in 1976. On March 20, 1989, Philip executed three documents entitled, "Directions to Convey," naming Bernard as "Grantee." The directions, which were addressed to Cosmopolitan, stated:
"You are hereby authorized and directed to convey the property hereinafter described by separate deeds, title to which is held by you as trustee under your Trust No.  to Bernard Barasch.
The trust number blank in each separate direction was completed with the number of one of the three separate trusts. The signature of Philip appears on the line noted, "Sign here." All three directions were notarized on March 20, 1989.
It was established by the affidavit of Elaine Erchull that she notarized the three directions on March 20, 1989. Bernard also established by his affidavit that the three directions were signed by Philip and notarized by Elaine Erchull in Bernard's presence. The directions were delivered to Bernard by Philip without any express condition and remained in Bernard's possession until he delivered them to the trustee.
On June 20, 1989, Philip died intestate. On July 19, 1989, Bernard presented the directions to convey to Cosmopolitan. Cosmopolitan refused to execute the deeds because Philip was deceased at the time that the directions were presented. Bernard filed a complaint for a declaratory judgment requesting a declaration that the three directions to convey were valid; and an order on the trustee to execute and deliver the deeds to Bernard.
Cosmopolitan filed an answer and third-party complaint for interpleader in order to join Alvin Barasch, individually and as the administrator of the estate of Philip. Alvin appeared and filed an answer to Bernard's motion for summary judgment and his own *835 cross-motion for summary judgment. After arguments, the trial judge entered summary judgment for Alvin. He declared the directions to convey "invalid and unenforceable"; he held the beneficiary of the trust which had no successor beneficiary to be the administrator of the estate of Philip and the beneficiaries of the other two trusts to be Alvin and Bernard equally as tenants-in-common. The judge based his ruling on four separate grounds: the language of the trust agreement itself; the law of gifts; the law dealing with the sufficiency of transfer of real estate by deed; and the statute of wills.
The parties have repeated the separate arguments made in the trial court addressed to the four grounds upon which the trial judge based his holding. We have determined that we need address only the language of the trust agreement itself and the law of gifts.
Prefatorily, we must reject Bernard's first argument that the judge committed reversible error when he concluded that the trust agreement was clear and unambiguous. First, we agree with Alvin that Bernard has not properly preserved this argument for review. He never argued in the trial court that the agreement was ambiguous. Indeed, he maintained that he was entitled to summary judgment. Second, the judge's statement that language was "clear and unambiguous" referred only to the specific language of the trust which provided that the interest of the beneficiary terminated and passed to the administrator upon the death of the beneficiary. The judge was correct. The trust agreement expressly and unambiguously so provides. Third, whether the trust agreement itself is ambiguous is not controlling. It is the duty of the trial judge to interpret the agreement, which presents a question of law, regardless of ambiguity; and it is the duty of a reviewing court to determine whether the trial judge's interpretation of the agreement was correct.
Bernard poses the issue correctly: Is the land trustee obligated to honor a duly executed direction to convey delivered to it after the death of the beneficiary? Contrary to the arguments of both parties, we do not believe the answer to the question is clearly disclosed in the four corners of the trust agreement. Alvin argues at considerable length about the effect of the death of Philip on the power to direct. But that power had already been executed. Consequently, the issue is what effect the death of Philip had on the direction itself, not on the power to direct. In our judgment, the death of Philip revoked the direction to convey.
Bernard has cited Hall v. Country Casualty Insurance Co. (1990), 204 Ill. App.3d 765, 150 Ill.Dec. 110, 562 N.E.2d 640, in which the court said that donative intent is intention on a part of the donor that there be a present and irrevocable transfer of title to the subject matter of the gift; delivery of the subject matter of the gift is the means whereby the donative intent of the donor is given effect. Bernard maintains that the "subject matter of the gift in this case was the directions to convey." (Emphasis in original.) The issue then is reduced to these questions: Was the direction to convey itself the subject matter of the gift and was the direction irrevocable? We conclude that the direction to convey itself was not the subject matter of the gift and that it was not irrevocable.
In Hugh v. Amalgamated Trust & Savings Bank (1992), 235 Ill.App.3d 268, 176 Ill.Dec. 726, 602 N.E.2d 33, the settlor was the sole beneficiary of a land trust. He delivered five letters of direction to his children that instructed the trustee to issue four property deeds to a grandchildren's trust and one deed to his daughter. The plaintiffs held the directions for three years without presenting them to the trustee. The settlor wrote a letter to the trustee, revoking any prior "documents" and directing the trustee "not to accept any such documents." Two months later the letters of direction were presented to the trustee, but the trustee refused to issue the deeds. The children sued the trustee and the settlor to compel the trustee to issue deeds to the plaintiffs. The trial judge granted the settlor's motion to dismiss the complaint.
In the appellate court, the plaintiffs made the same argument that Bernard makes here:

*836 "[The settlor's] delivery of the letters of direction to plaintiffs constituted a completed gift of the properties referred to [in the Trust Agreement]; * * * by placing those letters in their hands, he had delivered `the only means by which they could obtain Trustee's deeds' to the properties, and * * * he could do nothing more to convey his interest." Hugh, 235 Ill.App.3d at 271, 176 Ill.Dec. 726, 602 N.E.2d 33.
The court recognized as well established law that a valid gift requires that the donor "absolutely and irrevocably delivers the property to the donee." (Hugh, 235 Ill. App.3d at 271, 176 Ill.Dec. 726, 602 N.E.2d 33.) The court rejected the plaintiff's argument and held that the record "plainly shows that plaintiffs failed to take the single remaining step essential to the transfer of the emblems of ownership of the property from [the settlor] to themselves until they presented the letters of direction to the trustee" some 29 months after the settlor had delivered them to the plaintiffs. (Hugh, 235 Ill. App.3d at 274, 176 Ill.Dec. 726, 602 N.E.2d 33.) The court based its reasoning on the fact that the settlor retained the power to revoke the direction to convey before it was delivered to the trustee. The court ruled in favor of the plaintiffs, however, because it held, as a matter of law, that the letter the settlor had sent to the trustee did not amount to a revocation.
In arriving at its conclusion that the direction to convey was not itself the final gift, the court relied upon Pocius v. Fleck (1958), 13 Ill.2d 420,150 N.E.2d 106. In Pocius, the decedent had a real estate agent make out a warranty deed in blank, a bill of sale and a power of attorney. The power of attorney directed the real estate agent to convey a residential property to the plaintiff, who had cared for the decedent. The plaintiff signed the power of attorney next to the decedent's signature. The decedent gave the real estate agent $20 and told him to record the deeds. The agent left the papers at his office for the next two weeks. The decedent died before the deeds and bill of sale were executed.
The supreme court concluded that the power of attorney and blank deeds were revoked by the donor's premature death. The court relied on the rule of law that if delivery is made to a third person, who is the agent of the donor, the death of the donor before delivery to the donee works a revocation of the gift. Using this rule, the court stated:
"[The real estate agent] is thus presumed to be the agent of the donor. The deeds and other instruments were incomplete at the date of the death of the alleged donor, hence revocable, and were revoked by said death as undelivered and incomplete." Pocius, 13 Ill.2d at 430, 150 N.E.2d 106.
Based on the reasoning of Pocius and Hugh, we judge that the death of Philip revoked the direction to convey and that Cosmopolitan correctly refused to honor the direction.
Bernard places great reliance on Russell v. United States (N.D.Ill.1966), 260 F.Supp. 493, for the proposition that receipt alone, and not delivery to the trustee, is sufficient to complete the gift of a beneficial interest in a land trust. There is a controlling distinction between Russell and this case in that Russell involved an assignment of a beneficial interest. This was the distinction noted by the trial court in Hugh. Russell was a dispute between the Internal Revenue Service and an estate over an inheritance tax. The Illinois probate court had already held that the assignment by the decedent to her son was valid. The Federal district court held that the probate court order was binding on the Federal court and then recited the facts. The controlling factual issue was whether the assignment, which was lost at the time of trial, had been delivered to the decedent's son by the decedent. Russell has no application to the facts of this case.
For these reasons, we conclude that the trial judge properly ruled that the directions to convey were unenforceable. The judgment of the circuit court is affirmed.
Judgment affirmed.
McNAMARA, P.J., and RAKOWSKI, J., concur.

*837 SUPPLEMENTAL OPINION ON DENIAL OF REHEARING
Presiding Justice EGAN delivered the opinion of the court:
In his petition for rehearing, Bernard maintains that the trial judge found that the trust agreement as a whole was not ambiguous. He also maintains that we found the trust agreement ambiguous and that, therefore, the case should be remanded for a hearing to determine the intent of Philip. That hearing would include the introduction of parol evidence. We conclude that Bernard has misread our opinion.
First, we repeat that Bernard never argued in the trial court that the agreement was ambiguous and that he should be permitted to introduce parol evidence. He himself filed a motion for summary judgment contending that there were no questions of fact. Second, we did not decide the case on an interpretation of the trust agreement. We said that we would "address only the language of the trust agreement itself and the law of gifts." (Emphasis added.) We addressed the issue of ambiguity because both parties had devoted so much of their argument to the issue. But we pointed out that "whether the trust agreement itself is ambiguous is not controlling." We decided the case on the law of gifts. The law of gifts was one of the grounds upon which the trial judge based his decision. We discussed the case cited by Bernard, Hall v. Country Casualty Insurance Co. (1990), 204 Ill.App.3d 765, 150 Ill.Dec. 110, 562 N.E.2d 640, and emphasized that donative intent is intention on the part of the donor that there be a present and irrevocable transfer of title to the subject matter of the gift and that delivery of the subject matter of the gift is the means whereby the donative intent of the donor is given effect. We relied on Hugh v. Amalgamated Trust & Savings Bank (1992), 235 Ill.App.3d 268, 176 Ill.Dec. 726, 602 N.E.2d 33, which, in turn relied on Pocius v. Fleck (1958), 13 Ill.2d 420, 150 N.E.2d 106, both of which were based on an interpretation of the law of gifts. We held, as did the courts in Hugh and Pocius, as a matter of law, that donative intent had not been established because the donor still retained the power to revoke the gift. We adhere to the views we expressed in the opinion.
McNAMARA and RAKOWSKI, JJ., concur.